26000504CAAXMX - GERTNER AS TRUSTEE OF THE KAREN BETH TWISS SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN BETH TWISS TRUST DATED MAY 16, 2023, PATRICK M vs. COREBRIDGE FINANCIAL INC

Print Summary (../DetailsPrint/1384555?digest=q9l7fZxnrU+vjSObchiUQg)

CLERK & COMPTROLLER MARTIN COUNTY, FLORIDA CAROLYN TIMMANN

## SUMMARY

| Judge: | Court Type: | Case Type: |
|---|---|---|
| WATERS, JENNIFER | Circuit Civil | OTHER CIVIL |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 26000504CAAXMX | 432026CA000504CAAXMX | OPEN-ACTIVE |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 5/8/2026 | 5/8/2026 | |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | | **Foreclosure:** |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| ATTORNEY | PRO SE (/Party.aspx/Index/1220280?caseID=1384555&digest=bkYFbGYEHubl8%2Fj1hbpfPw) | |
| ATTORNEY | WRIGHT, TIM B (/Party.aspx/Index/10769?caseID=1384555&digest=3xvFVMkJrR6aJv%2FcswPPGQ) | |
| ATTORNEY | PRO SE (/Party.aspx/Index/1220280?caseID=1384555&digest=bkYFbGYEHubl8%2Fj1hbpfPw) | |
| ATTORNEY | PRO SE (/Party.aspx/Index/1220280?caseID=1384555&digest=bkYFbGYEHubl8%2Fj1hbpfPw) | |
| PLAINTIFF | GERTNER AS TRUSTEE OF THE KAREN BETH TWISS SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN BETH TWISS TRUST DATED MAY 16, 2023, PATRICK M (/Party.aspx/Index/1458139?caseID=1384555&digest=SyNdloieQTWbf9v1GOR7ZA) | WRIGHT, TIM B (/Party.aspx/Index/10769?caseID=1384555&attorney=True&digest=3xvFVMkJrR6aJv%2FcswPPGQ) (Main Attorney) |
| DEFENDANT | COREBRIDGE FINANCIAL INC (/Party.aspx/Index/1458140?caseID=1384555&digest=gaZJDXBUuRMMbtBhvZZw6Q) | PRO SE (/Party.aspx/Index/1220280?caseID=1384555&attorney=True&digest=bkYFbGYEHubl8%2Fj1hbpfPw) (Main Attorney) |
| DEFENDANT | AMERICAN GENERAL LIFE INSURANCE COMPANY (/Party.aspx/Index/1458141?caseID=1384555&digest=sJ395VGrd6Ope%2Fmle32E6Q) | PRO SE (/Party.aspx/Index/1220280?caseID=1384555&attorney=True&digest=bkYFbGYEHubl8%2Fj1hbpfPw) |
| DEFENDANT | PELLETIER, GABRIEL (/Party.aspx/Index/1458142?caseID=1384555&digest=Kq1lRXO7c6qMwfJ78P2a3g) | PRO SE (/Party.aspx/Index/1220280?caseID=1384555&attorney=True&digest=bkYFbGYEHubl8%2Fj1hbpfPw) |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

## OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | ACFS | NEW CIVIL FILING | $400.00 | $400.00 | $0.00 | $0.00 | | |
| 2 | EPORT SUMM CV | CIRCUIT EPORTAL SUMMONS $10.00 | $10.00 | $10.00 | $0.00 | $0.00 | | |
| 3 | EPORT SUMM CV | CIRCUIT EPORTAL SUMMONS $10.00 | $10.00 | $10.00 | $0.00 | $0.00 | | |
| 4 | EPORT SUMM CV | CIRCUIT EPORTAL SUMMONS $10.00 | $10.00 | $10.00 | $0.00 | $0.00 | | |
| 5 | EPORT SUMM CV | CIRCUIT EPORTAL SUMMONS $10.00 | $10.00 | $10.00 | $0.00 | $0.00 | | |
| | | | | | Total Outstanding: | $0.00 | | |

## RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| 5/13/2026 | 260021542 | $10.00 |
| 5/8/2026 | 260020827 | $430.00 |

## CASE DOCKETS

| DIN | IMAGE | DATE | ENTRY |
|---|---|---|---|
| 19 | 2 | 5/28/2026 | ALIAS SUMMONS ISSUED COREBRIDGE FINANCIAL INC. RETURNED TO ATTORNEY VIA E-SERVICE |
| 18 | 2 | 5/28/2026 | TWENTY DAY ALIAS SUMMONS ISSUED TO COREBRIDGE FINANCIAL INC- RETURNED TO ATTORNEY VIA ESERVICE |
| 17 | 4 | 5/20/2026 | AFFIDAVIT OF NON SERVICE OF ORIGINAL SUMMONS TO COREBRIDGE FINANCIAL INC |
| 16 | 1 | 5/13/2026 | PAYMENT $10.00 RECEIPT #260021542 |
| 15 | 2 | 5/13/2026 | PROPOSED ALIAS SUMMONS TO BE ISSUED AND RETURNED BY EMAIL $10- COREBRIDGE FINANCIAL, INC |
| 14 | 2 | 5/8/2026 | TWENTY DAY SUMMONS ISSUED TO GABRIEL PELLETIER RETURNED TO ATTORNEY VIA E-SERVICE |
| 13 | 2 | 5/8/2026 | TWENTY DAY SUMMONS ISSUED TO COREBRIDGE FINANCIAL INC. RETURNED TO ATTORNEY VIA E-SERVICE |
| 12 | 2 | 5/8/2026 | TWENTY DAY SUMMONS ISSUED TO AMERICAN GENERAL LIFE INSURANCE COMPANY RETURNED TO ATTORNEY VIA E-SERVICE |
| 11 | 1 | 5/8/2026 | PAYMENT $430.00 RECEIPT #260020827 |
| 10 | 2 | 5/8/2026 | PROPOSED 20 DAY SUMMONS TO BE ISSUED AND RETURNED BY EMAIL $10 GABRIEL PELLETIER |
| 9 | 2 | 5/8/2026 | PROPOSED 20 DAY SUMMONS TO BE ISSUED AND RETURNED BY EMAIL $10 COREBRIDGE FINANCIAL INC. |

| D/N | IMAGE | DATE | ENTRY |
|---|---|---|---|
| 8 | 2 | 5/8/2026 | PROPOSED 20 DAY SUMMONS TO BE ISSUED AND RETURNED BY EMAIL $10 AMERICAN GENERAL LIFE INSURANCE COMPANY |
| 7 | 57 | 5/8/2026 | COMPLAINT |
| 6 | 3 | 5/8/2026 | CIVIL COVER SHEET |
| 5 | | 5/8/2026 | CIRCUIT EPORTAL SUMMONS $10.00 ASSESSED $10.00 |
| 4 | | 5/8/2026 | CIRCUIT EPORTAL SUMMONS $10.00 ASSESSED $10.00 |
| 3 | | 5/8/2026 | CIRCUIT EPORTAL SUMMONS $10.00 ASSESSED $10.00 |
| 1 | | 5/8/2026 | NEW CIVIL FILING ASSESSED $400.00 |
| 2 | | 5/8/2026 | CASE FILED 05/08/2026 CASE NUMBER 26000504CAAXMX |

Best viewed in 1366x768 or higher resolution. Copyright 2008 • 2026 Pioneer Technology Group All Rights Reserved.
2.9.29.0
Benchmark

Filing # 247783901 E-Filed 05/08/2026 12:55:29 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR MARTIN COUNTY, FLORIDA

Patrick M Gertner
Plaintiff

Case # ________________
Judge ________________

vs.
Corebridge Financial Inc, American Gen ral L fe In urance Company, Gabriel Pelletier
Defendant

COPY

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

COPY

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTIO : [ ]**
(Specify)

1

**VI. IS THIS CAS A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☒ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Tim B Wright
Attorney or party

Fla. Bar # 823351
(Bar # if attorney)

Tim B Wright
(type or print name)

05/08/2026
Date

COPY

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.:
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC.,
A Delaware Corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.
_______________________________/

**COMPLAINT**

Plaintiff, PATRICK M. GERTNER, as trustee of the Karen Beth Twiss Sixth Amendment and Restatement of the Karen Beth Twiss Trust Dated May 16, 2023 ("Gertner"), sues Defendants, COREBRIDGE FINANCIAL, INC., a Delaware Corporation ("Corebridge"), AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General") and GABRIEL PELLETIER ("Mr. Pelletier") and alleges:

## I. JURISDICTION AND VENUE

1.1 This is an action for declaratory relief and damages of more than fifty thousand dollars ($50,000.00), exclusive of interest, attorneys' fees, and costs, and is within the jurisdiction of the circuit court.

1.2 Plaintiff is the trustee of the Sixth Amendment and Restatement of the Karen Beth Twiss Trust Dated May 16, 2023 ("Trust") which details the wishes and directives of Karen Beth Twiss for the distribution of her assets following her death.

1.3 Plaintiff, Patrick M. Gertner, is a resident of Martin County, Florida.

1.4 Corebridge is a Delaware Corporation conducting business in Martin County, Florida.

1.5 American General is a Texas Corporation conducting business in Martin County, Florida.

1.6 Mr. Pelletier is a resident of Surry, BC, Canada, is over the age of eighteen (18) and is *sui juris*.

1.7 Venue is proper in Martin County, Florida because the cause of action sued on in this matter arose in Martin County, Florida.

## II. BACKGROUND AND GENERAL ALLEGATIONS

2.1 Karen Beth Twiss was formerly known as Karen T. Krider.

2.2 On May 12, 2014 Karen T. Krider purchased an Annuity with SunAmerica Annuity and Life Insurance Company. (Exhibit 1)

2.3 Pursuant to a Final Judgment entered on June 30, 2014, in the State of Rhode Island and Providence Plantations, the marriage between Karen Beth Krider and Hallie Marcus Krider was dissolved. The Final Judgment allowed Karen Beth Krider to change her name to Karen Beth Twiss. (Exhibit 2)

2.4 A Social Security Card was issued in the name of Karen Beth Twiss on August 8, 2014. (Exhibit 3)

2.5 Throughout the years prior to her death, the Annuity was held by various brokerage / investment companies.

2.6 On July 14, 2016, American General Life Insurance Company confirmed the request to change the owner's name on Contract Number P55D4524600 and Annuitant's Changed Information to Karen Twiss. (Exhibit 4)

2.7 On July 22, 2016, American General Life Insurance Company confirmed the request of Karen Twiss to change the beneficiary of Contract Number P55D4524600 to "Gabriel Pelletrer – Per Stirpes – 100.00%". (Exhibit 5)

2.8 In December, 2018, Karen Twiss signed Annuity Transfer forms for Annuity Contract Number P55D4524600 with American General Life Insurance Company to be transferred from JP Morgan Chase Bank to MLPF&S (Merrill Lynch). (Exhibit 6)

2.9 Karen Beth Twiss signed the Sixth Amendment and Restatement of Karen Beth Twiss Trust on May 16, 2023, naming Patrick M. Gertner as successor Trustee. (Exhibit 7)

2.10 On May 19, 2023, Karen Twiss signed a Change of Beneficiary form (KB Twiss) for American General Life Insurance Company naming the Karen Twiss Rev Living Trust DTD 9-11-03 AMD 5-16-23 as the beneficiary of Policy number P55D4524600 (Exhibit 8)

2.11 On June 20, 2023, Karen Twiss signed a Change of Beneficiary – Annuities (KB Twiss) naming Karen Twiss Rev. Living Trust as the 100% beneficiary of American General Life Insurance Contract Number P55D4524600. (Exhibit 9)

2.12 On June 29, 2023, the Change of Beneficiary form dated June 20, 2023 was emailed by Sandra Stiger, CRPC at Merrilly Lynch to AIG Annuity Service. (Exhibit 10)

2.13 Karen Beth Twiss died on August 23, 2025.

2.14 Corebridge is the current holder of the annuity Contract Number P55D4524600

2.15 Corebridge has refused to honor the change of beneficiary naming the Karen Twiss Rev. Living Trust as the beneficiary of Policy number P55D4524600.

2.16 Plaintiff has hired Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P. to represent him in this action and has agreed to pay it a reasonable fee.

2.17 All conditions precedent to the bringing of this action have been performed, occurred, satisfied, excused, or have been waived.

## III. COUNT I – DECLARATORY RELIEF

Plaintiff realleges the allegations contained in paragraphs 1.1 through 2.17 and incorporate them here.

3.0 This is a count for declaratory relief against Corebridge and American General Life Insurance Company to determine the beneficiary of Annuity Contract Number P55D4524600.

3.1 Gabriel Pelletier is an interested party in this action.

3.2 All of the proper parties are before the Court for determination as whether the Change of Beneficiary naming the Karen Twiss Rev. Living Trust as the 100% beneficiary of the American General Life Insurance Company is legally valid.

3.3 The parties have an actual, present, adverse view as to the proper beneficiary of the American General Life Insurance Company Annuity Contract Number P55D4524600.

3.4 There is a bona fide, actual, present, practical need for a declaration, and the declaration deals with a present, ascertained state of facts, or a present controversy as to a state of facts.

3.5 The rights, obligations, and privileges of the parties are dependent upon the facts or the law applicable to the facts.

3.6 The relief sought in this lawsuit is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff respectfully requests this Court enter a declaratory judgment determining that the change of beneficiary naming the Karen Twiss Rev. Living Trust as the 100% beneficiary of the American General Life Insurance Company Annuity Contract Number P55D4524600 is valid and ordering the distribution of the annuity funds to Karen Beth Twiss Rev Living Trust DTD 9-11-03 AMD 5-16-23, award Plaintiff his attorney's fees and costs in this action, and award any and all other relief as this Court deems necessary and just.

DATED this 8th day of May, 2026.

**WRIGHT, PONSOLDT & LOZEAU, TRIAL ATTORNEYS, L.L.P.**

**TIM B. WRIGHT**
Fla. Bar No.: 823351
**JESUS M. HERNANDEZ**
Fla. Bar No.: 1031668
1002 S.E. Monterey Commons Blvd.
Suite 100
Stuart, Florida 34996
(772) 286-5566 Telephone
(772) 286-9102
timwright@wpltrialattorneys.com
jhernandez@wpltrialattorneys.com
ajohnson@wpltrialattorneys.com
lnolte@wpltrialattorneys.com
Counsel for Plaintiff

EXHIBIT
tabbies
1

05/14/2014 10:42 FAX 508 790 9661 Morgan Stanley ☑0001/0001

**SunAmerica Annuity and Life Assurance Company**

**sunamerica.com**
**(800) 445-7862**

*Mailing Address:*
SunAmerica
Annuity Service Center
P.O. Box 54299
Los Angeles, CA 90054-0299

*Overnight Address:*
SunAmerica
21650 Oxnard Street, Suite 750
Woodland Hills, CA 91367-4997

RESET

SunAmerica® the retirement specialist

# Important Notice Regarding Replacement of Life Insurance or Annuity

Replacing Company: ☐ SunAmerica Annuity and Life Assurance Company

**IMPORTANT NOTICE REQUIRED BY THE COMMISSIONER OF INSURANCE. READ CAREFULLY BEFORE PROCEEDING.**

This notice is required by the Commissioner of Insurance because you have indicated that you are buying a new life insurance policy or annuity and discontinuing or changing an existing one. Such a decision could be a good one, or a mistake. You will not know for sure until you make a careful comparison of your existing policy and the proposed replacement policy. Premiums alone are not determinative of low cost. Take the time to obtain and understand the facts.

We are required by law to notify your existing company that you may be replacing their policy.

Consider both sides before you decide. This way you can be sure you are making a decision that is in your best interest.

Cash Value Insurance:
To make a comparison of cash value policies (policies with loan or surrender values in addition to death protection), consideration must be given to each policy's cash values, premiums, coverage amounts and dividends, if any, over the life of the policy.

To simplify this task, you may wish to request from your existing insurance company and the company issuing the replacement policy yield index figures for 5, 10 and 20 years. The yield index is a percentage that represents an estimate of the interest rate the insurer projects you will earn on the savings portion of the cash value policy. The policy with the higher yield index will generally be the better buy.

The Yield Index Committee of the National Association of Insurance Commissioners in 1986 devised a method for calculating a yield index. In order to request this yield index information, merely check the box below and your request will be forwarded to both insurance companies.

You can also compare the cash values and/or surrender values listed in the replacing company's policy summary for the first five policy years with those in your current policy for the next five years. Low cash values or surrender values in early policy years are often the result of high expenses associated with issuing a new policy. If the replacement policy has low values in its early years, it will usually take longer for it to provide you with benefits that equal or exceed the benefits of your existing policy. In some cases, the replacement policy may never provide benefits equal to those in your present policy.

Term Insurance:
If you are replacing your present insurance policy with term insurance (policies that provide death protection only), it makes sense to shop for a low-cost policy. Costs for term insurance vary widely and substantial savings may be realized by comparison shopping. Premiums alone are not always determinative of low cost since some policies pay dividends and others do not. You may wish to request interest-adjusted cost indices for 5, 10 and 20 years from several insurance companies, including your existing insurer, to help you compare term insurance premiums. The policy with the lower index numbers is usually the better buy.

Please list below the identification of the policies which are involved in the replacement. Your existing insurer will be notified that you may be replacing its policy.

☐ Check box to request yield indices for cash value policies.

Will the purchase of this annuity result in the replacement, termination, or change in value of any existing life insurance or annuity contracts? ☐ Yes ☑ No

Applicant's Name (Print) Karen Twiss Krider
Applicant's Signature [signature] Date 5/12/14
Joint Applicant's Name (Print) ______
Joint Applicant Signature ______ Date ______
Company ______ Policy Number ______
Company ______ Policy Number ______
Company ______ Policy Number ______
Company ______ Policy Number ______
Agent's Name (Print) Donna Brown Date ______
Agent's Signature [signature] Date 5/12/14

MASSACHUSETTS SA5235MA.5 Rev. 2.12

EXHIBIT
2

STATE OF RHODE ISLAND
AND
PROVIDENCE PLANTATIONS

FAMILY COURT
FINAL JUDGMENT

| COUNTY NEWPORT | | CIVIL ACTION - FILE NO. N12-0309 |
|---|---|---|
| PLAINTIFF KAREN TWISS KRIDER | VS. | DEFENDANT HALLIE MARCUS KRIDER |

[x] ANSWERED [ ] UNANSWERED

This action came on for trial before the Court, Associate Justice Murray presiding and the issues having been tried and a decision having been duly rendered in favor of Plaintiff and Defendant on the 19th day of February 2014

NOW THEREFORE, three months having elapsed and no reason appearing why a final judgment should not be entered, it is ordered, adjudged and decreed that the Plaintiff's Complaint and Defendant's Counterclaim is/are hereby granted and the bond of matrimony now existing between the parties be, and the same is, hereby dissolved upon the ground(s) of **Irreconcilable differences which have caused the irremediable breakdown of the marriage.**

*There are no motions pending.*

It is hereby

**ORDERED, ADJUDGED and DECREED as follows:**

The findings of fact contained in the Interlocutory Decision Pending Entry of Final Judgment are hereby incorporated herein by reference.

1. The Plaintiff is granted an absolute divorce on the grounds that there exists between the parties certain irreconcilable differences which have caused the irremediable breakdown of the marriage.

2. The Defendant is granted an absolute divorce on the grounds that there exists between the parties certain irreconcilable differences which have caused the irremediable breakdown of the marriage.

3. The parties have entered into a Marital Settlement Agreement dated February 19, 2014, having been marked as Joint Exhibit 1 Full. The court approves said Marital Settlement Agreement and the terms of said Marital Settlement Agreement shall be incorporated into this judgment but shall not be merged herein.

[X] Check this box if a continuation page is used.

Dated at Newport, Rhode Island, this 14 day of July 2014

Approved: 7/14/14 ____________________ JUSTICE OF THE FAMILY COURT

Entered: ____________________ CLERK OF COURT

ADMINISTRATOR CLERK

Presented by attorney for prevailing party:

Attorney's Name (Printed): Christopher D. Healey, Esq.

Attorney's Signature: ____________________

TRUE COPY ATTEST

**DECISION OR FINAL JUDGMENT**
**(Continuation Page)**

4. The Plaintiff shall be allowed to waive alimony permanently and alimony is permanently waived.

5. The Defendant shall be allowed to waive alimony permanently and alimony is permanently waived.

6. The Plaintiff shall be allowed to change her name to Karen Beth Twiss.

7. The parties have divided most of their personal property at this time. They have agreed to work together in order to fully divide the remaining items of said personal property. In the event that the Parties cannot agree on the total division of their personal property, then they shall participate in RI Family Court Mediation on February 27, 2014.

☐ Check this box if a continuation page is used.

Dated at Newport, Rhode Island, this 14th day of July 2014

Approved: ______ 7/14/14
JUSTICE OF THE FAMILY COURT

Entered: ______
CLERK OF COURT

Presented by attorney for prevailing party:

Attorney's Name (Printed): Christopher D. Healey, Esq.

Attorney's Signature: ______

ADMINISTRATOR CLERK

TRUE COPY ATTEST

**CERTIFICATION**

I hereby certify that on the 30th day of June, 2014 I sent a true copy of the within FINAL JUDGMENT to Carolyn R. Barone, Esq., 67 Jefferson Blvd., Warwick, RI 02888. via regular mail, email, and or fax.

______

tabbies EXHIBIT 3

Keep this stub with your personal records. The other side contains important information.

Please note: The date we issued this card is shown below the signature line.

KAREN BETH TWISS
REDACTED

## YOUR SOCIAL SECURITY CARD

**ADULTS: Sign this card in ink immediately.**
**CHILDREN: Do not sign until age 18 or your first job, whichever is earlier.**

**Keep your card in a safe place to prevent loss or theft.**
**DO NOT CARRY THIS CARD WITH YOU.**
**Do not laminate.**




Karen's new social security card Karen Beth Twiss 2014

## YOUR SOCIAL SECURITY CARD

Improper use of this card or number by anyone is punishable by fine, imprisonment or both. If you believe someone is using your Social Security number fraudulently, notify the Federal Trade Commission at 1-877-438-4338 or online at www.consumer.gov/idtheft.

The Social Security number shown on your card is yours alone. Do not allow others to use your as their own. Record your number in a safe place in case your card is lost or stolen. Protect both yo and your number to prevent their misuse.

You should contact us to update your Social Security number and benefit record (if you are entitled) name, your U.S. citizenship status, or your status as an alien in the U.S. changes. You will need to application for a replacement Social Security card and provide proof of your identity, and we may other evidence supporting the change.

Show your card to your employer when you start a new job. Make sure your employer uses the sam and number exactly as it is shown on your Social Security card so we can record your earnings co

Some private organizations use Social Security numbers for record keeping purposes. Such use is required nor prohibited by Federal law. The use of your Social Security number by such an organiza its own records is a private matter between you and the organization. Private organizations can information from your Social Security record just because they know your number.

Any government agency that asks for your number must tell you: whether giving it is manda voluntary, its authority for requesting the number, and how the number is used.

If you are an alien without permission to work in the U.S., your Social Security card will be markec VALID FOR EMPLOYMENT." We will notify U.S. immigration officials if you use the number to

If you are an alien legally in the U.S. with temporary permission to work, your Social Security ca be marked "VALID FOR WORK ONLY WITH DHS AUTHORIZATION." If you show this car employer as evidence of employment eligibility, you will also have to show your U.S. immigration do authorizing employment.

You should contact Social Security right away for benefits if you become disabled, reach retirem or are about to attain age 65.

You can reach us at 1-800-772-1213 or through our website at www.socialsecurity.gov.

This card belongs to the Social Security Administration and you must return it if we ask for it.

If you find a card that isn't yours, please return it to:
Social Security Administration
P.O. Box 33008, Baltimore, MD 21290-3008

For any other Social Security business/information, contact your local Social Security office. If you write to the above address for any business other than returning a found card you will not receive a response.

**Social Security Administration**
Form SSA-3000 (08-2011) G35711520

EXHIBIT

tabbies

4

Annuity Service Center
P.O. Box 15570
Amarillo, TX 79105-5570

American General Life Insurance Company
The United States Life Insurance Company in the City of New York
The Variable Annuity Life Insurance Company

July 14, 2016

0000293

REDACTED

Re: Contract Number: P55D4524600
Owner's Name: KAREN TWISS
Annuitant's Name: KAREN TWISS

Dear KAREN TWISS:

We have received a change request. As of July 14, 2016, the following information has been made part of our permanent records:

**<u>Owner's Changed Information</u>- Effective July 13, 2016**

Owner Name: KAREN TWISS

**<u>Annuitant's Changed Information</u>**

Annuitant Name: KAREN TWISS

Please keep this letter with your contract as verification.

If you have any questions or require additional information, please contact our Annuity Service Center at 1-800-445-7862 Monday through Friday, between 5 a.m. and 5 p.m. Pacific Time.

We appreciate your decision to entrust a portion of your retirement dollars to us, and we look forward to continuing to serve you.

Sincerely,

Annuity Service Center

/ond

CCAI

0023.0293.001.001.160715.0000293

EXHIBIT
tabbies
5

Annuity Service Center
P.O. Box 15570
Amarillo, TX 79105-5570

American General Life Insurance Company
The United States Life Insurance Company in the City of New York
The Variable Annuity Life Insurance Company

July 22, 2016

0000196
KAREN TWISS
REDACTED

Re: Contract Number: P55D4524600
Owner's Name: KAREN TWISS
Annuitant's Name: KAREN TWISS

Dear KAREN TWISS:

We have received a change request. As of July 22, 2016, the following information has been made part of our permanent records:

**Beneficiary's Changed Information- Effective July 21, 2016**
Beneficiary Name: GABRIEL PELLETRER - PER STIRPES - 100.000%

Please keep this letter with your contract as verification.

If you have any questions or require additional information, please contact our Annuity Service Center at 1-800-445-7862 Monday through Friday, between 5 a.m. and 5 p.m. Pacific Time.

We appreciate your decision to entrust a portion of your retirement dollars to us, and we look forward to continuing to serve you.

Sincerely,

Annuity Service Center

/guy

CCA1

EXHIBIT
tabbies
6

# RIS Received on

12-11 -18

☐ BEFORE 3 PM
☐ AFTER 3 PM

☒ EMAIL

☐ INTEROFFICE

☐ FAX

☐ RECEIVED BY ________________

☐ FOR ADDITIONAL PAPERWORK REFERENCE ODF ______________

■ DMC's INITIAL BG

POLICY NUMBER______________________

Updated by DMC 10/12/17 (LL)

**RISRecordsRequestMailbox**

| | |
|---|---|
| **From:** | Tu, Veronica |
| **Sent:** | Tuesday, December 11, 2018 4:20 PM |
| **To:** | RISRecordsRequestMailbox |
| **Subject:** | Index paperwork |
| **Attachments:** | P55D4524600_aig.pdf |

Good afternoon,

Can you please index this form into the queue.

Thank you,

**Veronica Williams**

**Compensation | Agency Services**

**Compensation | Retirement Income Solutions | AIG Life and Retirement**
**2271 SE 27th, O3, Amarillo, TX 79103**
**1-888-502-0600 ext. 1111228**
**Fax: 1-818-615-1547**

Veronica.tu@valic.com | www.aig.com

IMPORTANT NOTICE:
The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by "Reply" command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by American International Group, Inc. or its subsidiaries or affiliates either jointly or severally, for any loss or damage arising in any way from its use.

# Annuity Transfer Form

**Broker/Dealer Agent of Record Change for annuity contracts not currently held at Merrill Lynch**

**Request for Ownership Change to MLPF&S as Custodian for a retirement annuity contracts not currently held at Merrill Lynch**

**1. Transfer Type – Please select the type of transfer.**

☑ **Broker/Dealer Agent of Record Change** – When linking to a Retail Account, please complete only sections 2, 3, 7 (optional) and 8.

☐ **Ownership Change to MLPF&S as Custodian and Broker/Dealer Agent of Record Change** – When linking a retirement annuity contract to a Merrill Lynch Retirement Account, please complete sections 2, 3, 4, 5, 6, 7(optional) and 8.

**2. Annuity Details – Please provide the current details of your annuity.**

Contract Number P55D4524600 Product Name AIG Polaris Platinum

Type of Annuity (check one) ☑ Non-Qualified ☐ IRA (Traditional) ☐ SEP ☐ IRA (Roth) ☐ Simple ☐ KEOGH

Other ____________

Name of Current Owner Karen Twiss Social Security or Tax ID Number [redacted]

Name of Annuitant Karen Twiss Telephone Number [redacted]

Name of Co-Annuitant ____________ Telephone Number ____________

**3. Change of Broker/Dealer – To be completed by the Branch Office. Please provide the client's Merrill Lynch Account Number below. When completing an Ownership change the client's Merrill Lynch Custodial Retirement Account Number is required.**

Client's Merrill Lynch Retail Account Number (Broker/Dealer Change Only): 688-19129

Client's Merrill Lynch Custodial Retirement Account Number (Ownership Change): ____________

# Annuity Transfer Form

**Broker/Dealer Agent of Record Change for annuity contracts not currently held at Merrill Lynch**

**Request for Ownership Change to MLPF&S as Custodian for a retirement annuity contracts not currently held at Merrill Lynch**

---

**Agent Details - Please provide the details for the new agent (Financial Advisor). Please scan in with the completed Annuity Transfer Form when entering the request on ATS Online.**

Agent Name David Harvan

Agent Address (Branch Office) REDACTED

City Jupiter State FL Zip Code 33477

Agent Social Security or Tax ID Number REDACTED [redacted] gent Number 2856 Phone Number REDACTED

**Additional Agents (For group pools please list all Agents in the pool)**

Agent Name Paul Loschiavo

Agent Social Security or Tax ID Numb REDACTED [redacted] t Number 2833 Phone Numbe REDACTED

Agent Name James McKenzie

Agent Social Security or Tax ID Numbe REDACTED Number 2662 Phone Number REDACTED

Agent Name __________

Agent Social Security or Tax ID Number ______ Agent Number ______ Phone Number ______

Agent Name __________

Agent Social Security or Tax ID Number ______ Agent Number ______ Phone Number ______

---

**THIS PAGE IS FOR USE BY MERRILL LYNCH FINANCIAL ADVISORS ONLY.**
**THIS PAGE SHOULD BE REMOVED BEFORE THE ATTACHED FORM IS GIVEN TO THE CLIENT.**

# Annuity Transfer Form

**Broker/Dealer Agent of Record Change for annuity contracts not currently held at Merrill Lynch**

**Request for Ownership Change to MLPF&S as Custodian for a retirement annuity contracts not currently held at Merrill Lynch**

---

**4.** ☐ **Ownership Change – Please change ownership to the designated custodian.**

New Custodian/Owner Name: **MLPF&S CUSTODIAN FBO** REDACTED

Address REDACTED

Custodian's Tax ID Number: REDACTED

---

**5.** ☐ **Beneficiary Change – The annuity beneficiary named here will replace all previous beneficiaries.**
**Annuity death claims will be paid into the Merrill Lynch Custodial Retirement Account.**

Full Name: **MLPF&S to act in accordance with the designated beneficiary on file** Tax ID Number: REDACTED

---

**6. Distributions – Please complete. Distributions must be sent to your Merrill Lynch Custodial Retirement Account.**

Please indicate if you are currently receiving distributions from your contract: ☐ No ☐ Yes

All distributions should be sent electronically per the Merrill Lynch Custodial agreements. Please see the custodial agreement for specific instructions. If electronic functionality is unavailable at the insurer, send a physical check to:

**MLPF&S Custodian FBO (client in Section 2)**
**4800 Deer Lake Drive East**
**Jacksonville, FL 32246**

* All checks should reference the Merrill Lynch Custodial Retirement Account Number in Section 3.

---

**7.** ☒ **Telephone Authorization – Please review this section and complete if applicable.**
Some contracts do not offer this feature. Please review your contract or Prospectus for availability. You may elect, change or cancel telephone authorization at any time. If you elect telephone authorization, you are authorizing the annuity contract issuer to accept telephone instructions from the Financial Advisor/Broker/Dealer designated below communicating your directions for transfers among investment options, selections of renewal options within the contract or withdrawals to your account on record. Please review the contract or Prospectus for availability of these features. The instructions you provide here will replace any previous instructions on file.

☐ You wish to cancel telephone authorization.

☒ You wish to elect telephone authorization for your Financial Advisor.

Full Name of Financial Advisor/Broker/Dealer: David Harvan / Merrill Lynch

---

# Annuity Transfer Form

**Broker/Dealer Agent of Record Change for annuity contracts not currently held at Merrill Lynch**

**Request for Ownership Change to MLPF&S as Custodian for a retirement annuity contracts not currently held at Merrill Lynch**

---

**8. Signatures – The annuity owner <u>must</u> sign and date this form or the request will not be processed. Your signature confirms that all information on this form is correct.**

**Under penalty of perjury you certify that:**

1. **Your Social Security or Tax ID number(s) indicated on this form are correct.**
2. **You are not subject to backup withholding because: (a) you are exempt from backup withholding, or (b) you have not been notified by the Internal Revenue Service (IRS) that you are subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified you that you are no longer subject to backup withholding. (You are required to cross out this statement if you have been notified by the IRS that you are subject to backup withholding).**
3. **You are a U.S. person (including a U.S. resident alien).**

**The IRS does not require your consent to any provision of this document other than the certification required to avoid backup withholding.**

X [signature] X 10-5-2018

Owner Signature (Annultant Signature if retirement annuity that is currently custodially owned) Date

Co-Owner Signature (If Applicable) Date

X [signature] James McKenzie X [signature] David Harvan 12-10-18

Financial Advisor Signature Date

Releasing Custodian Signature (Back Office) Date

New Custodian Signature (Back Office) Date

PLEASE NOTE ANNUITY PRODUCTS ARE NOT HELD IN YOUR MERRILL LYNCH ACCOUNT UNLESS THEY ARE RETIREMENT ANNUITIES HELD IN A CUSTODIAL RETIREMENT ACCOUNT. IN ALL OTHER CASES, THEIR VALUES ARE LISTED ON ACCOUNT STATEMENTS FOR YOUR CONVENIENCE, BUT THEY ARE NOT HELD IN THOSE ACCOUNTS.

EXHIBIT

tabbies

7

# *SIXTH AMENDMENT AND RESTATEMENT*

# *OF THE*

# *KAREN BETH TWISS TRUST*

*Prepared by*
**Fernando M. Giachino**
**Fernando M. Giachino, P.A.**
**3601 SE Ocean Blvd.**
**Suite 204**
**Stuart, Florida 34996**
**(772) 266-4184**
**fernando@giachinolaw.com**

## TABLE OF CONTENTS


Article 1 Family .....1

Article 2 Original Trust Estate .....1

Article 3 Reserved Rights .....1
3.1 By Whom Exercisable .....2
3.2 Suspension of Rights .....2
3.3 Homestead Rights .....3

Article 4 Payments During My Lifetime .....3

Article 5 Distributions After My Death .....3
5.1 Specific Gifts .....3
5.2 Residuary Trust Estate .....4

Article 6 Standby Trust .....4

Article 7 Provisions Governing Trustees .....5
7.1 Successor Trustee .....5
7.2 Incapacity of Trustee .....5
7.3 Resignation .....5
7.4 Removal of Trustees .....5
7.5 Powers of Successor Trustees .....6
7.6 Accountings .....6
7.7 Acts by Other Fiduciaries .....6
7.8 Court Supervision .....6
7.9 Compensation .....7
7.10 Indemnity .....7

Article 8 Survival Provisions .....7

Article 9 Protection of Interests .....7

Article 10 Payments of Expenses and Taxes .....7
10.1 Method of Payment .....8
10.2 Trust for Death Benefits .....8
10.3 Excluded Property .....8

Article 11 Fiduciary Powers .....8
11.1 Type of Assets .....8
11.2 Original Assets .....8
11.3 Tangible Personal Property .....9
11.4 Financial Accounts .....9
11.5 Specific Securities .....9

11.6 Property Transactions ....9
11.7 Borrow Money ....9
11.8 Maintain Assets ....9
11.9 Digital Assets and Accounts ....10
11.10 Insurance ....10
11.11 Advisors ....10
11.12 Indirect Distributions ....10
11.13 Non-Pro Rata Distribution ....10
11.14 Nominee ....10
11.15 Custodian ....11
11.16 Administer Claims ....11
11.17 Corporate Rights ....11
11.18 Business Interests ....11
11.19 Self-Dealing ....11
11.20 Elections ....11
11.21 Qualified Property ....12
11.22 Expenses ....12
11.23 Terminate Small Trusts ....12
11.24 Allocations to Income and Principal ....12
11.25 Use of Income ....12
11.26 Sever or Join Trusts ....12
11.27 Consolidated Funds ....13
11.28 Valuations ....13
11.29 Incorporation ....13
11.30 Delegation ....13
11.31 Loans; Advances ....13
11.32 Election of Benefits ....13
11.33 Investment Manager ....13
11.34 Depreciation ....13
11.35 Disclaim Assets or Powers ....13
11.36 Transfer Situs ....14
11.37 Related Parties ....14
11.38 Additional Powers for Income-Producing Real Estate ....14
11.39 Winding Up ....15

Article 12 Environmental Provisions ....15
12.1 Vesting of Title ....15
12.2 Audits ....15
12.3 Liability ....15
12.4 Other Laws ....15

Article 13 Insurance Provisions ....16
13.1 Payment of Premiums ....16
13.2 Collection of Policy Proceeds ....16
13.3 Trustee Protection ....16
13.4 Responsibilities of Insurance Companies ....16

Article 14 Qualified Plan Proceeds ........ 16
14.1 Designated Beneficiaries ........ 16
14.2 Restrictions on Accounts ........ 17
14.3 Notification by Trustee ........ 17
14.4 Qualified Recipients ........ 17
14.5 Separate Trust ........ 17
14.6 Trustee Power to Distribute Proceeds to Beneficiaries ........ 17

Article 15 Administration and Construction ........ 18
15.1 Rules for Distributions ........ 18
15.2 Funding Gifts ........ 18
15.3 Accumulated Income ........ 18
15.4 Estate Tax on Included Property ........ 19
15.5 Transactions With Other Entities ........ 19

Article 16 Miscellaneous Provisions ........ 19
16.1 Definitions ........ 19
16.2 Powers of Appointment ........ 21
16.3 Right to Information ........ 22
16.4 Notices ........ 22
16.5 Certifications ........ 22
16.6 Dispute Resolution ........ 22
16.7 Effect of Adoption ........ 23
16.8 Infant in Gestation ........ 23
16.9 Applicable Law ........ 23
16.10 References ........ 23
16.11 Headings ........ 23
16.12 Further Instruments ........ 23
16.13 Acknowledgments ........ 23
16.14 Binding Effect ........ 23

**SIXTH AMENDMENT AND RESTATEMENT**
**OF THE KAREN BETH TWISS TRUST**

This is an Amendment and Restatement of the Karen Beth Twiss Trust (formerly known as the Karen Krider Trust Agreement) dated September 11, 2003, as previously amended on June 24, 2006, March 10, 2014, July 10, 2014, May 11, 2015, and August 26, 2015 (the "Trust"), by KAREN BETH TWISS, as Grantor and as Trustee (referred to in this amendment, including any successor Trustee or Co-Trustee, as the "Trustee"). This Amended and Restated Trust supersedes and amends the Trust in its entirety. I confirm all prior transfers of assets to the Trustee, who will continue to hold them as set forth in this Amended and Restated Trust. This amendment is dated and will be effective as of the 16th day of May, 2023.

In accordance with the right of amendment I reserved in VIII of the Trust, I hereby amend the Trust as follows:

**ARTICLE 1**
**FAMILY**

I am not married. I am a citizen of the United States. I have been twice previously married. My first husband was RONALD PUNTY. My second husband was HALLIE M. KRIDER. I have one son from my first marriage, SCOTT PUNTY. Both of my former husbands and their descendants, including, but not limited to, my son, SCOTT PUNTY, are all expressly excluded from any provision of this Trust and are to receive no benefit under it.

**ARTICLE 2**
**ORIGINAL TRUST ESTATE**

The trust estate consists of all assets held in the Trust by the Trustee as of this date, which together with any assets later added to this Trust are referred to as the "Trust Estate." Any person may transfer assets to the Trust Estate, if the Trustee agrees to accept them. Unless otherwise specified in writing at the time of the transfer, those assets will be held as provided in this Trust. The Trustee accepts the responsibility of the Trustee, acknowledges receipt of the current Trust assets, and agrees to hold the Trust Estate as set forth in this Trust.

**ARTICLE 3**
**RESERVED RIGHTS**

I reserve the following personal rights with respect to the Trust during my lifetime:

- To amend or revoke this Trust;
- To remove a Trustee and to designate a new Trustee;
- To withdraw assets, whether income or principal, from the Trust Estate;

- To require changes in the investments of the Trust Estate, but investments made by me are not subject to review by the Trustee unless my personal rights are suspended under Section 3.2;
- To direct the Trustee to perform any act of administration, whether or not contrary to the terms of the Trust; and
- To direct the Trustee to make distributions during my lifetime to any person named by me.

3.1 **By Whom Exercisable**. Except as provided below, all rights described above may be exercised only by me personally, from time to time, subject to the following: all exercises of these powers must be evidenced by a written instrument I signed, the existence of which has been communicated to the Trustee, and any amendment of the Trust that contains "testamentary aspects" as defined in Section 736.0403 of the Florida Statutes or a revocation of the Trust must be executed with the formalities of a Will in Florida. These powers, and any other powers conferred by law on a trust Grantor, may not be exercised by any guardian who may be appointed for me, except as indicated below. An attorney-in-fact to whom I have specifically given the power to amend this Trust in a written instrument executed after October 1, 2011, may modify this Trust to the extent provided in that instrument. In any case, my legal guardian or attorney-in-fact may amend (but not revoke) this Trust to the extent necessary to preserve a tax deduction, exemption, or credit consistent with my beneficial intentions as stated in this Trust. The Trustee is to be held harmless and indemnified from any liability for any of its actions or omissions made in reliance on my actions or instructions under this article.

3.2 **Suspension of Rights**. My personal rights under this article will be suspended immediately if I become disabled. For these purposes, my disability is determined as follows:

(a) **Court Decision**. If I am determined to be incapacitated by a court having jurisdiction, my personal rights reserved in this article will be suspended until my legal capacity is restored.

(b) **Private Decision**. In the absence of a judicial determination, if the next successor Trustee reasonably believes that I am suffering from any mental or physical disability that would affect my judgment concerning management of the Trust, and if the next successor Trustee obtains written confirmation of that opinion from my physician, the next successor Trustee may give me written notice to that effect. Upon delivery to me of that written notice, my personal rights reserved in this article will be suspended immediately and the named successor Trustee will serve until my legal capacity is determined by a court or until the next successor Trustee rescinds such written notice.

(c) **Other Facts**. My personal powers will be suspended if the Trustee (or the successor Trustee, if applicable) receives credible and timely evidence that I have disappeared, am unaccountably absent, or am being detained under duress so that I am unable to look after my financial interests.

**(d) HIPAA.** For purposes of this Section 3.2, I appoint each of the persons named above as my personal representative under 45 CFR § 164.502(g), a portion of the regulations implementing the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), to demand, obtain, review, and release to others medical records or other documents protected by the patient-physician privilege, attorney-client privilege, or any similar privilege, including all records subject to, and protected by, HIPAA.

**3.3 Homestead Rights.** Despite any other provision of this Trust, I reserve the right to reside on any real property owned by the Trust during my lifetime. I will be entitled to claim any available homestead tax exemption for any real property in the Trust, and, for purposes of that exemption, my interest in such property will be deemed an interest in real property and not an interest in personal property. This provision does not restrict the Trustee from selling, leasing, or encumbering that property without my joinder in any deed or other instrument.

## ARTICLE 4
## PAYMENTS DURING MY LIFETIME

The Trustee shall pay to me or apply for my benefit (without obligation to any guardian who may be appointed for me) any income and principal that the Trustee in its discretion deems necessary or advisable for my best interests. The Trustee in its discretion also may make payments to one or more trusts in which I am a beneficiary, or may create a separate trust for my benefit. The Trustee is authorized to provide for the finest available support and health care for me, even if this leaves no assets of the Trust remaining for other beneficiaries. It is my desire that I not be maintained in a nursing home if reasonably possible and, in furtherance of this desire, the Trustee is specifically authorized to use assets of the Trust Estate as necessary to provide for my care at home, including payments for nursing care and the purchase of any equipment or facilities required for this purpose.

## ARTICLE 5
## DISTRIBUTIONS AFTER MY DEATH

Upon my death and after making provision for the payments under Article 10, the Trustee shall distribute the remaining Trust Estate as follows:

**5.1 Specific Gifts.** The Trustee shall distribute the following specific gifts:

**(a) Gifts Under Will.** If my Will makes a gift of a specific asset that is held in this Trust when I die, and if this Trust does not make a specific gift of that asset, the Trustee shall distribute that asset to the beneficiary named in my Will. If my Will gives my residuary probate estate to this Trust, and if my probate estate is insufficient to satisfy any other preresiduary gift under my Will, the Trustee shall satisfy the balance of that gift from the Trust.

**(b) Specific Gift of Cash.** If PATRICK M. GERTNER survives me, then the Trustee shall distribute Three Hundred Thousand Dollars ($300,000) to my cousin MARTHA LYNN COOMBS, if she survives me. If she shall not survive me, then this gift shall lapse. If PATRICK M. GERTNER does not survive me, then this gift shall not be made, and the Trustee shall distribute my remaining Trust Estate as provided for below.

5.2 **Residuary Trust Estate.** The Trustee shall distribute all the remaining Trust Estate to PATRICK M. GERTNER, if he shall survive me. If shall not survive me, then the Trustee shall distribute all the remaining Trust Estate to the following persons, in equal shares, subject to Article 6:

i. MARTHA LYNN COOMBS;

ii. ASTA POIRIER, if she survives me, however, if ASTA POIRIER does not survive me, then to her husband, RICHARD RICE if he survives her and they were married at the time of my death;

iii. ANN BYRNE SEELEY, if she survives me, however, if ANN BYRNE SEELEY does not survive me, then to her husband, JAY SEELEY if he survives her and they were married at the time of my death;

iv. LINDA MALONE, if she survives me, however, if LINDA MALONE does not survive me, then to her husband, STEVEN MUELLER, if he survives her and they were married at the time of my death; and

v. BRUCE VONKUMMER, if he survives me, however, if BRUCE VONKUMMER does not survive me, then to his wife, JEN VONKUMMER, if she survives him and they were married at the time of my death.

vi. If any of the above beneficiary shares as set forth above fail, then that person's share is to be distributed to his or her then living descendants, per stirpes, or if none, among the remaining shares under this subparagraph in proportion to the size of each.

## ARTICLE 6
## STANDBY TRUST

If any assets are distributable under this Trust (other than by exercise of a power of appointment) to a person who has not then reached age 21, or who in the judgment of the Trustee is under a disability, the Trustee will hold that person's share in trust for his or her benefit. In determining a person's disability, the Trustee may rely conclusively upon the opinion of a medical doctor retained by it to make such a determination. The Trustee may pay to that person or apply for his or her benefit any income and principal of this separate trust that the Trustee in its discretion deems necessary or advisable for the person's health, education, support, and maintenance. When the person reaches age 21 or when that person's disability, in the judgment of the Trustee, ceases to exist, the Trustee shall distribute the remaining assets of this separate trust to that person. If that person dies before complete distribution of this separate trust, the remaining trust assets are to be distributed, subject to this article:

(a) to that person's then living descendants, per stirpes; or if none,

(b) as set forth in Section 5.2.

This article is to be effective only and is limited in duration to the extent that it does not result in any violation of any applicable rule against perpetuities or similar law.

## ARTICLE 7
## PROVISIONS GOVERNING TRUSTEES

The following provisions apply to all Trustees appointed under this Trust, including me while I serve as Trustee:

**7.1 Successor Trustee.** After my death, or if my personal rights under this Trust are suspended, I appoint PATRICK M. GERTNER to serve as successor Trustee. If PATRICK M. GERTNER fails or ceases to serve as Trustee, then ASTA POIRIER shall serve as successor Trustee. If she also fails or ceases to serve as Trustee, then LINDA MALONE shall serve as successor Trustee.

**7.2 Incapacity of Trustee.** If my personal rights are suspended as provided in Article 3, I will cease to serve as Trustee while those rights are suspended.

**(a) Disability.** If any other Trustee becomes disabled (as defined in this Trust), he or she will immediately cease to act as Trustee.

**(b) Suspension.** For purposes of this Section 7.2, if a Trustee fails to sign a release of relevant medical information necessary to determine his or her capacity, that Trustee will be suspended 30 days after the request for such a release is delivered to him or her by the named successor Trustee, or if none, by the persons then entitled to appoint a successor Trustee.

**(c) Reinstatement.** If a Trustee who ceases to serve because of a disability, or who is suspended as provided above, thereafter recovers from that disability or consents to the release of relevant medical information, he or she may elect to become a Trustee again by giving written notice to the then serving Trustee, and the last Trustee who undertook to serve will then cease to be a Trustee until another successor Trustee is required.

**7.3 Resignation.** Any Trustee may resign by giving 30 days' written notice delivered personally or by mail to any then serving Co-Trustee and to me if I am then living and not disabled; otherwise to the next named successor Trustee, or if none, to the persons having power to appoint successor Trustees.

**7.4 Removal of Trustees.** I reserve the right to remove any Trustee by giving written notice to that Trustee. If my personal rights are suspended as provided in Article 3, the right to remove Trustees may be exercised as follows:

**(a) Who May Remove.** The following persons, in the order of priority listed, may exercise the right to remove a Trustee as provided in this paragraph.

(1) All Co-Trustees, if any, other than the one proposed to be removed; otherwise

(2) A majority in interest of the permissible current income beneficiaries, including the natural or legal guardians of any beneficiaries who are then disabled.

(b) **Removal for Cause**. The persons listed in Section 7.4(a) may remove all Trustees for cause, as defined in Section 16.1(c) below. The removal of an individual Trustee under this paragraph will be effective immediately upon delivery to him or her of the written agreement for removal signed by all of the persons whose consent is required.

(c) **Acceptance Required**. If there are no successor Trustees named in this Trust who are eligible and willing to serve, a removal notice must name a successor Trustee, and a qualified successor Trustee must accept appointment within the period of the removal notice.

(d) **Exceptions**. Despite the foregoing, no person proposed to be removed as Trustee may participate in exercising this removal power. Any such person will not be counted in determining the required votes for removal.

7.5 **Powers of Successor Trustees**. Successor Trustees will have all powers granted to the original Trustee. Unless a Co-Trustee continues to serve, a Trustee ceasing to serve for any reason has the duties and powers necessary to protect the Trust Estate until it is delivered to a successor Trustee.

7.6 **Accountings**. Unless waived, accountings must be given to Qualified Beneficiaries at least annually (quarterly if a Corporate Trustee is serving), as provided in Sections 736.0813 and 736.08135 of the Florida Statutes. The written approval by a beneficiary (individually or by representation) of an accounting will be final and binding upon that beneficiary and all persons represented by him or her as to all matters disclosed in that accounting. In any event, if a beneficiary (or his or her representative) fails to object to an accounting within six months of receiving it, that beneficiary's approval is conclusively presumed. A successor Trustee may require the prior Trustee to render a full and final accounting. The Trustee shall provide all other information required under Section 736.0813 of the Florida Statutes, unless waived as permitted in that section, and the limitations on proceedings against the Trustee as specified in Section 736.1008 of the Florida Statutes will apply, despite any other provision of this section.

7.7 **Acts by Other Fiduciaries**. The Trustee shall take reasonable steps to compel a former Trustee or other person to deliver trust property to the Trustee, but otherwise is not required to question any acts or failures to act of the fiduciary of any other trust or estate, and will not be liable for any prior fiduciary's acts or failures to act. The Trustee can require a beneficiary who requests an examination of another fiduciary's actions or omissions to advance all costs and fees incurred in the examination, and if the beneficiary does not, the Trustee may elect not to proceed or may proceed and offset those costs and fees directly against any payment that would otherwise be made to that beneficiary.

7.8 **Court Supervision**. I waive compliance by the Trustee with any law requiring bond, registration, qualification, or accounting to any court.

**7.9 Compensation.** Each Trustee is entitled to be paid reasonable compensation for services rendered in the administration of the Trust. Reasonable compensation for a Corporate Trustee will be its published fee schedule in effect when its services are rendered unless otherwise agreed in writing, and except as follows. Any fees paid to a Corporate Trustee for making principal distributions, for termination of the trust, and upon termination of its services must be based solely on the value of its services rendered, not on the value of the trust principal. During my lifetime the Trustee's fees are to be charged wholly against income (to the extent sufficient), unless directed otherwise by me in writing.

**7.10 Indemnity.** Any Trustee who ceases to serve for any reason will be entitled to receive (and the continuing Trustee shall make suitable arrangements to provide) reasonable indemnification and security to protect and hold that Trustee harmless from any damage or liability of any nature that may be imposed upon it because of its actions or omissions while serving as Trustee. This protection, however, does not extend to a Trustee's negligent actions or omissions that clearly and demonstrably result in damage or liability. A prior Trustee may enforce these provisions against the current Trustee or against any assets held in the Trust, or if the prior Trustee is an individual, against any beneficiary to the extent of distributions received by that beneficiary. This indemnification right will extend to the estate, personal representatives, legal successors, and assigns of a Trustee.

## ARTICLE 8
## SURVIVAL PROVISIONS

If any beneficiary is required to survive me or another person to receive a distribution, and if the beneficiary does not survive me or that other person by 90 days, or if that beneficiary cannot be located within one year after my or that other person's death despite reasonable attempts by the Trustee to locate that beneficiary, the beneficiary will be treated as if he or she died before me or that other person.

## ARTICLE 9
## PROTECTION OF INTERESTS

The interest of any beneficiary under this Trust, in both income or principal, may not be anticipated, alienated, or in any other manner assigned by the beneficiary and will not be subject to any legal process, bankruptcy proceedings, or the interference or control of the beneficiary's creditors or others.

## ARTICLE 10
## PAYMENTS OF EXPENSES AND TAXES

The Trustee is authorized in its discretion to use the principal and income of the Trust as it deems necessary or advisable for the payment of any legally enforceable obligations, costs of my last illness and funeral, and any estate transmission and management expenses incurred in the administration of my estate and this Trust. The Trustee shall pay, directly or to my Personal Representative, all estate or inheritance taxes from the Residuary Trust Estate, without apportionment. In paying these obligations, expenses, and taxes, the following will apply:

**10.1 Method of Payment.** The Trustee may rely on a certification by my Personal Representative as to the amount of those expenses and taxes. The Trustee may make payment directly or to my Personal Representative, as my Personal Representative requests. The Trustee will be held harmless from any liability in making payments as so directed.

**10.2 Trust for Death Benefits.** If any life insurance proceeds or other death benefits of any kind included in my gross estate for federal estate tax purposes become payable to the Trustee, those proceeds are to be held by the Trustee as a separate trust after my death, and to be made available for the payment of expenses of administration and taxes. These proceeds may not be used for payment of claims against my estate. The Trustee shall allocate these proceeds, and shall pay from them any expenses of administration and taxes, as directed in writing by my Personal Representative. The Trustee shall accumulate any income from this separate trust into principal and, upon termination of the Trust, pay the remaining assets as provided for the Residuary Trust Estate in Article 5.

**10.3 Excluded Property.** If any funds become available to the trustees of any trust, including without limit, life insurance, qualified employee benefit plans, individual retirement accounts, or other property from sources specified in Section 2039 of the Internal Revenue Code, and those funds are not otherwise included in my gross estate for federal estate tax purposes, then none of those funds may be used to pay, directly or indirectly, any debts, taxes, or expenses of mine or my estate.

## ARTICLE 11
## FIDUCIARY POWERS

I grant to the Trustee full power to deal freely with any property in the Trust. The Trustee may exercise these powers independently and without the approval of any court. No person dealing with the Trustee need inquire into the propriety of any of its actions or into the application of any funds or assets. The Trustee however, shall exercise all powers in a fiduciary capacity in good faith, as a prudent person would using reasonable care, skill, and caution, for the best interest of the beneficiaries of any trust created in this Trust. Without limiting the generality of the foregoing, the Trustee is given the following discretionary powers in addition to any other powers conferred by law:

**11.1 Type of Assets.** Except as otherwise provided to the contrary, to hold funds uninvested for such periods as the Trustee deems prudent, and to invest in any assets the Trustee deems advisable even though they are not technically recognized or specifically listed in so-called "legal lists," without responsibility for depreciation or loss on account of those investments, or because those investments are non-productive, as long as the Trustee acts in good faith.

**11.2 Original Assets.** Except as otherwise provided to the contrary, to collect and retain the original assets it receives for as long as it deems best, and to dispose of those assets when it deems advisable, even though such assets, because of their character or lack of diversification, would otherwise be considered improper investments for the Trustee.

**11.3 Tangible Personal Property.** To receive and hold tangible personal property; to pay or refrain from paying storage and insurance charges for such property; and to permit any beneficiaries to use such property without either the Trustee or beneficiaries incurring any liability for wear, tear, and obsolescence of the property.

**11.4 Financial Accounts.** To deposit trust money in one or more accounts in regulated financial service institutions, including but not limited to banks, savings institutions, and brokerage houses, and to draw checks, drafts, or other forms of withdrawal, including electronic transfers, from those accounts.

**11.5 Specific Securities.** To invest in assets, securities, or interests in securities of any nature, whether obtained in domestic or foreign markets, including (without limit) commodities, options, futures, precious metals, and currencies; to invest in mutual or investment funds, including funds for which the Trustee or any affiliate performs services for additional fees, whether as manager, custodian, transfer agent, investment advisor or otherwise, or in securities distributed, underwritten, or issued by the Trustee, its affiliates, or syndicates of which it is a member and I specifically authorize the Trustee to invest in the instruments described in Section 736.0802(5) of the Florida Statutes (including assets other than qualified investment instruments) without notice to or consent from any beneficiary.

**11.6 Property Transactions.** To buy, sell, pledge, exchange, or lease any real or personal property, publicly or privately, for cash or credit, without court approval and upon the terms and conditions that the Trustee deems advisable; to execute deeds, leases, contracts, bills of sale, notes, mortgages, security instruments, and other written instruments; to grant, acquire, or exercise options; to abandon or dispose of any real or personal property in the Trust which has little or no monetary or useful value, after notifying the beneficiaries or their legal representatives; to improve, repair, insure, subdivide and vacate any property; to erect, alter or demolish buildings; to adjust boundaries; and to impose easements, including conservation easements, restrictions, and covenants as the Trustee sees fit. An instrument described in this section will be valid and binding for its full term even if it extends beyond the full duration of the Trust.

**11.7 Borrow Money.** To borrow money from any source (including the Trustee in its nonfiduciary capacity), to guarantee indebtedness, and to secure the loan or guaranty by mortgage or other security interest.

**11.8 Maintain Assets.** To expend whatever funds it deems proper for the preservation, maintenance, or improvement of assets. The Trustee in its discretion may elect any options or settlements or exercise any rights under all insurance policies that it holds. However, no fiduciary who is the insured of any insurance policy held in the Trust may exercise any rights or have any incidents of ownership with respect to the policy, including the power to change the beneficiary, to surrender or cancel the policy, to assign the policy, to revoke any assignment, to pledge the policy for a loan, or to obtain from the insurer a loan against the surrender value of the policy. All such power is to be exercised solely by the remaining Trustee, if any, or if none, by a special fiduciary appointed for that purpose by a court having jurisdiction.

**11.9 Digital Assets and Accounts.** As provided in and in furtherance of the Florida Fiduciary Access to Digital Assets Act ("FFADAA"), to access and control communications intended for me, and communicate on my behalf, whether by mail, electronic transmission, telephone, or other means; to access and control all of my accounts involving web-based communications or storage and web-hosted media, including but not limited to emails, messages, blogs, subscriptions, pictures, videos, e-books, audiobooks, memberships in organizations or commercial enterprises, and all forms of social media, whether or not those require a user name and password for access, even to the extent of compelling the provider to reset my information to data of my Trustee's choosing, all in keeping with the Electronic Communications Privacy Act of 1986, the Computer Fraud and Abuse Act of 1986, and FFADAA, as those may be amended; and to hold, control, and have access to and the use of any digital asset (as defined in FFADAA) held by any kind of computing or digital storage device or service, including cryptocurrency of any type.

**11.10 Insurance.** To obtain property, casualty, liability or any other insurance for the Trust, including insurance for the Trustee and its agents against damage or liability arising from administration of the Trust.

**11.11 Advisors.** To employ and compensate attorneys, accountants, advisors, financial consultants, managers, agents, and assistants (including any individual or entity who provides investment advisory or management services, or who furnishes professional assistance in making investments for the Trust) without liability for any act of those persons, if they are selected and retained with reasonable care. Fees may be paid from the Trust Estate even if the services were rendered in connection with ancillary proceedings. The Trustee may serve in any of these capacities and be compensated separately for its services in each.

**11.12 Indirect Distributions.** To make distributions, whether of principal or income, to any person under age 21 or to any person the Trustee reasonably believes is disabled according to the terms of this Trust by (i) making distributions directly to that person whether or not that person has a guardian; to the parent, guardian, or spouse of that person; to a custodial account established by the Trustee or others for that person under an applicable Uniform Gift to Minors Act or Uniform Transfers to Minors Act; to any adult who resides in the same household with that person or who is otherwise responsible for the care and well-being of that person; (ii) managing the amount as a separate fund on that person's behalf, subject to his or her continuing right to withdraw that amount; or (iii) applying any distribution for the benefit of that person in any manner the Trustee deems proper. The receipt of the person to whom payment is made will constitute full discharge of the Trustee with respect to that payment.

**11.13 Non-Pro Rata Distribution.** To make any division or distribution in money or in kind, or both, without allocating the same kind of property to all shares or distributees, and without regard to the income tax basis of the property. Any division will be binding and conclusive on all parties.

**11.14 Nominee.** Except as prohibited by law, to hold any assets in the name of a nominee without disclosing the fiduciary relationship; to hold the property unregistered, without affecting its liability; and to hold securities endorsed in blank, in street certificates, at a depository trust company, or in a book entry system.

**11.15 Custodian.** To employ a custodian or agent ("the Custodian") located anywhere within the United States, at the discretion of the Trustee but at the expense of the Trust, whether or not such Custodian is an affiliate of the Trustee or any person rendering services to the Trust; to register securities in the name of the Custodian or a nominee thereof without designation of fiduciary capacity; and to appoint the Custodian to perform such other ministerial functions as the Trustee may direct. While such securities are in the custody of the Custodian, the Trustee will be under no obligation to inspect or verify such securities nor will the Trustee be responsible for any loss by the Custodian.

**11.16 Administer Claims.** To contest, compromise, arbitrate, or otherwise adjust claims in favor of or against the Trust, including paying those claims in full; to agree to any rescission or modification of any contract or agreement; and to refrain from instituting any suit or action unless indemnified for reasonable costs and expenses.

**11.17 Corporate Rights.** To vote and exercise any option, right, or privilege to purchase or to convert bonds, notes, stock (including shares or fractional shares of stock of any Corporate Trustee), securities, or other property; to borrow money for the purpose of exercising any such option, right, or privilege; to delegate those rights to an agent; to enter into voting trusts and other agreements or subscriptions; to participate in any type of liquidation or reorganization of any enterprise; and to write and sell covered call options, puts, calls, straddles, or other methods of buying or selling securities, as well as all related transactions.

**11.18 Business Interests.** To hold interests in sole proprietorships, general or limited partnerships, joint ventures, business trusts, land trusts, limited liability companies, and other domestic and foreign forms of organizations; and to exercise all rights in connection with such interests as the Trustee deems appropriate, including any powers applicable to a non-admitted transferee of any such interest.

**11.19 Self-Dealing.** To exercise all its powers even though it may also be acting individually or on behalf of any other person or entity interested in the same matters. The Trustee, however, shall exercise these powers at all times in a fiduciary capacity, primarily in the interest of the beneficiaries of the Trust. Despite any other provision of this Trust, no Trustee may participate in the decision to make a discretionary distribution that would discharge a legal support obligation of that Trustee. No Trustee who has made a disclaimer, either individually or as a Trustee, may exercise any discretion in determining the recipient of the disclaimed property, except pursuant to an ascertainable standard. All power to make such unlimited distributions, or to determine recipients of disclaimed property, will be exercised solely by the remaining Trustees, if any, or if there are no other Trustees then serving, by the person or persons named to serve as the next successor Trustee, or if there are none, by a special Trustee appointed for that purpose by a court having jurisdiction.

**11.20 Elections.** If no Personal Representative is serving for my estate, and to the extent permitted by law, to perform in a fiduciary capacity any act and make any and all decisions or elections under state law or the Internal Revenue Code on behalf of me or my estate, including but not limited to, claiming the whole or any part of the expenses of administration as income tax deductions for my estate or this Trust, electing the marital deduction in whole or in part, making allocations of my exemption from the federal generation-skipping transfer tax,

adopting alternate values for estate tax purposes, and selecting taxable years and dates of distribution. The Trustee is specifically excused from making equitable adjustments among beneficiaries because of any election.

**11.21 Qualified Property**. To manage any qualified real property or qualified family-owned business interests so as to avoid imposition of the additional estate tax under Sections 2032A or 2057 of the Internal Revenue Code, and to furnish security for the payment of any additional estate taxes imposed under those sections.

**11.22 Expenses**. To pay all expenses of administration for the Trust Estate, including all taxes, assessments, compensation of the Trustee and its employees and agents, and reimbursements for expenses advanced (with interest as appropriate).

**11.23 Terminate Small Trusts**. After my death, to exercise its discretion, without court approval, to refrain from funding or to terminate any trust whenever the value of the principal of that trust would be or is less than One Hundred Thousand Dollars ($100,000), and to distribute the remaining principal and all accumulated income of the trust to include the types of distributions described in Section 11.12 to the beneficiaries then entitled to receive income in proportion to their shares of that income (or on a per capita basis if their shares are not fixed) in a manner consistent with the purposes of the Trust. The Trustee shall exercise this power to terminate in its discretion as it deems prudent for the best interest of the qualified beneficiaries at that time.

**11.24 Allocations to Income and Principal**. To treat premiums and discounts on bonds and other obligations for the payment of money in accordance with either generally accepted accounting principles or tax accounting principles and, except as otherwise provided to the contrary, to hold nonproductive assets without allocating any principal to income, despite any laws or rules to the contrary. The Trustee in its discretion may exercise the power described in Section 738.104 of the Florida Statutes to adjust between principal and income, as appropriate, including the allocation of some or all of the net capital gain to the beneficiaries as if it were fiduciary accounting income. The Trustee in its discretion may treat any discretionary distributions of principal as being paid first from realized capital gains. In addition, the Trustee may convert any income interest into a unitrust interest, or a unitrust interest to an income interest, as it sees fit, all as provided in Section 738.1041 of the Florida Statutes.

**11.25 Use of Income**. Except as otherwise provided in this Trust, and in addition to all other available sources, to exercise its discretion in the use of income from the assets of the Trust to satisfy the liabilities described in this Trust, without accountability to any beneficiary.

**11.26 Sever or Join Trusts**. To sever any trust on a fractional basis into two or more separate trusts, and to segregate by allocation to a separate account or trust a specific amount from, a portion of, or a specific asset included in any trust. The Trustee may consolidate two or more trusts (including trusts created by different transferors) having substantially the same beneficial terms and conditions into a single trust. The Trustee may take into consideration differences in federal tax attributes and other pertinent factors in administering any separate account or trust, in making applicable tax elections, and in making distributions. A trust created by severance or consolidation will be treated as a separate trust for all purposes from the date on

which the severance or consolidation is effective (which may be before the exercise of this power), and will be held on the same beneficial terms and conditions as those before the severance or consolidation. Income earned on a consolidated or severed amount, portion, or specific asset after the consolidation or severance is effective will pass with that amount, portion, or specific asset.

**11.27 Consolidated Funds.** Unless inconsistent with other provisions of this Trust, to hold two or more trusts or other funds in one or more consolidated funds, in which the separate trusts or funds have undivided interests, except that an accounting must be rendered to each trust showing its undivided interests in those funds.

**11.28 Valuations.** In making distributions or allocations under the terms of this Trust to be valued as of a particular date, to use asset valuations obtained for a date reasonably close to that particular date (such as a quarterly closing date before or after that date) if, in the Trustee's judgment, obtaining appraisals or other determinations of value on that date would result in unnecessary expense, and if in the Trustee's judgment, the fair market value as determined is substantially the same as on that actual date. This paragraph will not apply if valuation on a specific date is required to preserve a qualification for a tax benefit, including any deduction, credit, or most favorable allocation of an exemption.

**11.29 Incorporation.** To incorporate any business or venture, and to continue any unincorporated business that the Trustee determines to be not advisable to incorporate.

**11.30 Delegation.** To delegate periodically among themselves the authority to perform any act of administration of any trust.

**11.31 Loans; Advances.** To make loans to anyone under commercially reasonable terms, and to make cash advances or loans to beneficiaries, with or without security. The Trustee may retain a lien on future distributions to a beneficiary to repay those loans.

**11.32 Election of Benefits.** To select a mode of payment under any employee benefit or retirement plan, annuity, or life insurance payable to the trustee, exercise rights under such plan, annuity, or insurance, including exercise of the right to indemnification for expenses and against liabilities, and take appropriate action to collect the proceeds.

**11.33 Investment Manager.** To employ any investment management service, financial institution, or similar organization to advise the Trustee and to handle all investments of the Trust and to render all accountings of funds held on its behalf under custodial, agency, or other agreements. If the Trustee is an individual, these costs may be paid as an expense of administration in addition to fees and commissions.

**11.34 Depreciation.** To deduct from all receipts attributable to depreciable property a reasonable allowance for depreciation, computed in accordance with generally accepted accounting principles consistently applied.

**11.35 Disclaim Assets or Powers.** To disclaim any assets otherwise passing or any fiduciary powers pertaining to any trust created hereunder, by execution of an instrument of

disclaimer meeting the requirements of applicable law generally imposed upon individuals executing disclaimers. No notice to or consent of any beneficiary, other interested person, or any court is required for any such disclaimer, and the Trustee is to be held harmless for any decision to make or not make such a disclaimer. No disclaimer by the Trustee, whether as a fiduciary or as an individual, will cause that person to be treated as having predeceased me for purposes of serving as Trustee.

**11.36 Transfer Situs.** To transfer the situs of any trust or any trust property to any other jurisdiction as often as the Trustee deems advisable, and if necessary to appoint a substitute or ancillary Trustee to act with respect to that property. The Trustee may delegate to the substitute Trustee any or all of the powers given to the Trustee; may elect to act as advisor to the substitute Trustee and receive reasonable compensation for that service; and may remove any acting or substitute Trustee and appoint another, or reappoint itself, at will.

**11.37 Related Parties.** To enter into any transaction on behalf of the Trust despite the fact that another party to that transaction may be: (i) a business or trust controlled by the Trustee, or of which the Trustee, or any director, officer, or employee of the Corporate Trustee, is also a director, officer, or employee; (ii) an affiliate or business associate of any beneficiary or the Trustee; or (iii) a beneficiary or Trustee under this Trust acting individually, or any relative of such a party.

**11.38 Additional Powers for Income-Producing Real Estate.** In addition to the other powers set forth above or otherwise conferred by law, the Trustee has the following powers with respect to any income-producing real property which is or may become a part of the Trust Estate:

- To retain and operate the property for as long as it deems advisable;
- To control, direct, and manage the property, determining the manner and extent of its active participation in these operations, and to delegate all or any part of its supervisory power to other persons that it selects;
- To hire and discharge employees, fix their compensation, and define their duties;
- To invest funds in other land holdings and to use those funds for all improvements, operations, or other similar purposes;
- Except as otherwise provided with respect to mandatory income distributions, to retain any amount of the net earnings for working capital and other purposes that it deems advisable in conformity with sound and efficient management; and
- To purchase and sell machinery, equipment, and supplies of all kinds as needed for the operation and maintenance of the land holdings.

**11.39 Winding Up**. On termination of a trust, to exercise the powers appropriate to wind up the administration of that trust and distribute the remaining assets to the persons entitled to them, and to retain a reasonable reserve for the payment of debts, expenses, and taxes.

## ARTICLE 12
## ENVIRONMENTAL PROVISIONS

The following rules govern administration of the Trust with respect to assets that could cause the Trustee to incur liability for environmental contamination or hazardous wastes.

**12.1 Vesting of Title**. Title to the following types of assets will not vest in any Trustee (including a successor Trustee when it begins to serve) until the Trustee executes a written instrument accepting title to those assets:

- Real property or any interest of any nature in real property (including mortgages secured by real property), and
- Any interest in a partnership, limited liability company, or closely held corporation which owns real property or an interest in real property and in which the Trustee would have the ability to vote or otherwise participate in the management and control of the entity's operations.

If the Trustee refuses to accept title to an asset that has never been part of this Trust, title to that asset will revert to the transferor or pass to such other persons (other than the Trustee) as may be provided by applicable law. If a successor Trustee refuses to accept title to such an asset accepted by the prior Trustee, the prior Trustee (or his or her Personal Representative) will continue to hold title to and administer that asset until it is distributed, sold, or otherwise disposed of, or until other relief is granted by a court having jurisdiction over the Trust. Until it accepts title to such an asset, the Trustee will have no fiduciary duty with respect to that asset.

**12.2 Audits**. The Trustee may require environmental audits acceptable to it to be made at any time at the expense of the Trust.

**12.3 Liability**. The Trustee will not be liable to any beneficiary for any claims against or losses incurred by the Trust because of compliance with laws regulating environmental contamination or hazardous wastes, including reporting or abating contamination, cleaning up property, incurring expenses in connection with administrative or judicial proceedings, and establishing reserves for such payments, even if amounts expended exceed the value of the property. The Trustee may require indemnities or other arrangements satisfactory to it that will protect and hold it harmless from liability that might be incurred for environmental contamination or hazardous substances.

**12.4 Other Laws**. These provisions are in addition to other remedial powers and rights given to fiduciaries under applicable law.

## ARTICLE 13
## INSURANCE PROVISIONS

Any insurance policies acquired by or payable to the Trustee as an asset of this Trust are to be administered as follows:

**13.1 Payment of Premiums.** The Trustee may pay from the income and principal of the Trust any premiums or assessments upon any insurance policies that it holds under the terms of this instrument.

**13.2 Collection of Policy Proceeds.** Upon the death of an insured, the Trustee shall process all claims for payment of death benefits payable to the Trustee. If payment of any policy is contested, however, the Trustee will not be obligated to begin legal proceedings for collection unless it is indemnified to its satisfaction for all costs, including attorney's fees. The Trustee may repay any person, including itself, from the Trust for any advances or expenses incurred in attempting to collect death benefits on such policies.

**13.3 Trustee Protection.** The Trustee will have no liability or responsibility for any loss resulting from the failure of any insurance company and its inability to pay a claim under any insurance policy acquired by the Trustee. The Trustee will be under no obligation to invest any cash value accumulated in any life insurance policy owned by the Trust, regardless of the investment yield on such value within the policy as compared to the net investment yield which could be obtained outside the policy. The Trustee will not be liable or accountable to anyone for the exercise or nonexercise of any rights, benefits, options, or privileges under any policy held in this Trust, including the option to borrow against the cash values to obtain a higher investment yield outside the policy. In addition, Section 736.0902, Florida Statutes (and any successor provision providing for an exception to the prudent investor rules with respect to life insurance policies) applies to all contracts of life insurance held or acquired by the Trust.

**13.4 Responsibilities of Insurance Companies.** No insurance company will be responsible for the application of any insurance proceeds by the Trustee. Payment to the Trustee of the benefits due with respect to any insurance policy held as part of the Trust will completely discharge the insurance company from any further liability under that policy.

## ARTICLE 14
## QUALIFIED PLAN PROCEEDS

If any funds from qualified employee benefit plans, individual retirement accounts, or other property from sources specified in Section 2039 of the Internal Revenue Code (collectively referred to as the "Accounts") become available to the Trustee of any trust created under this Trust, the provisions of this article will apply to these trusts and the Accounts paid to them.

**14.1 Designated Beneficiaries.** I wish to allow the maximum deferral of distributions from the Accounts. Therefore, unless a contrary intent appears in the appropriate beneficiary designation form, I intend and direct that any trust to which one or more of the Accounts are payable qualify as a "see-through" trust and its beneficiaries be treated as qualified recipients (as defined below) within the meaning of the minimum distribution rules under Section 401(a)(9) of

the Internal Revenue Code and applicable regulations, as amended. No portion of the Accounts will be payable to an entity, such as my estate or an Exempt Organization, unless there are no qualified recipients eligible to receive those funds.

**14.2 Restrictions on Accounts.** No portion of the Accounts payable to a trust may be used, paid, or appointed in such a way as to disqualify the trust beneficiaries as qualified recipients. By way of example and not in limitation:

(a) No portion of the Accounts may be used to pay, directly or indirectly, any debts or expenses of mine or of my estate, including any share of estate taxes payable from this Trust or chargeable to my estate.

(b) No portion of the Accounts may be used to satisfy a gift to a beneficiary other than a qualified recipient.

(c) Upon the death of the beneficiary for whom the trust was created, further payments from the Accounts (including payments pursuant to the exercise of a power of appointment) may be made only to qualified recipients, despite any other provision of this Trust.

**14.3 Notification by Trustee.** If I have not provided a copy of this Trust, including relevant amendments, to any custodian of an Account, the Trustee shall provide the information required by the Treasury Regulations to allow a trust to qualify as described above, within the time frame specified in the Regulations.

**14.4 Qualified Recipients.** The term "qualified recipient" means an individual, or a trust whose beneficiaries are individuals and that is treated as a see-through trust (either accumulation or conduit) so that its beneficiaries are recognized as designated beneficiaries (or eligible designated beneficiaries, if applicable) under Sections 401(a)(9)(E) and (H) of the Internal Revenue Code and the Treasury Regulations.

**14.5 Separate Trust.** For ease of administration, the Trustee may hold payments to a trust designated (or allowed) to receive distributions from the Accounts as a separate trust, to be administered under the same terms as the larger trust entitled to those payments, subject to the special terms of this article.

**14.6 Trustee Power to Distribute Proceeds to Beneficiaries.** I understand that proceeds from the Accounts may be distributed to a trust in an accelerated fashion because of the SECURE Act limitations. Except to the extent distribution of those proceeds is required or prohibited by another provision of this Trust, I intend the Trustee to have the power to make discretionary distributions to beneficiaries other than the Trustee to balance the impact of the increased income tax the Trust might otherwise pay because of them. If the Trustee is also a beneficiary, he or she may appoint an Independent Trustee for the sole purpose of making such distributions, unless an Independent Trustee is already serving, in which case it will have the exclusive power to make such balancing distributions. For purposes of the 5 or 10 year statutory limitations under Section 401(a) of the Internal Revenue Code, the Trustee may make distributions in its discretion ratably over the period, or at any time or times during the deferral

period, without liability for its timing choices. The Trustee may also use its discretion not to make such distributions, without liability to the beneficiaries in any case.

## ARTICLE 15
## ADMINISTRATION AND CONSTRUCTION

**15.1 Rules for Distributions.** In making distributions to beneficiaries under this Trust, the Trustee must use the following criteria.

**(a) Other Resources.** Whenever the Trustee has the authority to decide how much to distribute to or for the benefit of a beneficiary, the Trustee should make decisions taking into account any information readily available to it about the beneficiary's other available income and resources (including any obligations owed to him or her by any person that are reasonably able to be discharged). The Trustee need not obtain financial statements or tax returns from the beneficiary. The Trustee can make payments directly to a beneficiary or to other persons for the beneficiary's benefit, but it does not have to make payments to a court appointed guardian.

**(b) Trustee's Decision.** Absent clear and convincing evidence of bad faith, the Trustee's decisions as to amounts to be distributed will be final.

**(c) Standard of Living.** Distributions to a beneficiary for health, education, support, or maintenance are to be based on his or her standard of living, determined as of the date of the distribution.

**(d) Unequal Distributions.** For any trusts having multiple beneficiaries, distributions may be unequal among them due to differences in their resources, age, health, needs, educational inclinations, and talents. The Trustee may make unequal distributions to or for those beneficiaries without making equalizing adjustments among them, unless specifically provided to the contrary in this Trust.

**15.2 Funding Gifts.** The following rules will apply to funding gifts under this Trust.

**(a) Pecuniary Gifts.** All pecuniary gifts under this Trust that are paid by an in-kind distribution of assets must use values having an aggregate fair market value at the date or dates of distribution equal to the amount of this gift as finally determined for federal estate tax purposes.

**(b) Adjustments.** The Trustee shall select one or more dates of allocation or distribution for purposes of satisfying gifts and funding shares or trusts. The Trustee may make allocations before the final determination of federal estate tax, with those allocations being based upon the information then available to the Trustee, and may thereafter adjust properties among the shares or trusts if it is determined that the allocation should have been made differently.

**15.3 Accumulated Income.** Any income not distributed to the beneficiaries pursuant to either a mandatory direction or a discretionary power is to be incorporated into principal, at such intervals as the Trustee deems convenient.

**15.4 Estate Tax on Included Property.** If assets of any trust created under this agreement are included in a beneficiary's estate for federal estate tax purposes, the following will apply.

**(a) Appointed Assets.** If the beneficiary exercises a power of appointment over those assets, the Trustee is authorized to withhold from those assets the amount of estate taxes apportioned to them by applicable law, if the beneficiary does not make provisions for the payment of those taxes from other sources.

**(b) Other Assets.** If the beneficiary does not have or does not exercise a power of appointment over those assets and does not make provision for the payment of those taxes from other sources, the Trustee will pay the estate taxes attributable to those assets. The estate taxes attributable to those assets will be the amount that the beneficiary's estate taxes are increased over the amount those taxes would have been if those assets had not been included in the beneficiary's gross estate.

**(c) Certification and Payment.** The Trustee may rely upon a written certification by the beneficiary's personal representative of the amount of the estate taxes, and may pay those taxes directly or to the personal representative of the beneficiary's estate. The Trustee will not be held liable for making payments as directed by the beneficiary's personal representative.

**15.5 Transactions With Other Entities.** The Trustee may buy assets from other estates or trusts, or make loans to them, so that funds will be available to pay claims, taxes, and expenses. The Trustee can make those purchases or loans even if it serves as the fiduciary of that estate or trust, and on whatever terms and conditions the Trustee thinks are appropriate, except that the terms of any transaction must be commercially reasonable.

## ARTICLE 16
## MISCELLANEOUS PROVISIONS

**16.1 Definitions.** As used in this Trust, the following terms have the meanings set forth below:

**(a) Fiduciaries.**

(1) **Corporate Trustee** means a trustee that is a bank, trust company, or other entity authorized to serve as a trustee under the laws of the United States or any state thereof that is not a Related Person as to me. A bank or trust company that does not meet this requirement cannot serve as Trustee.

**(b) Internal Revenue Code Terms.**

(1) **Internal Revenue Code** means the federal Internal Revenue Code of 1986, as amended from time to time, or successor provisions of future federal internal revenue laws.

(2) **Gross estate** means gross estate for federal estate tax purposes as defined in Section 2031 of the Internal Revenue Code.

(3) The terms **health, education, support, and maintenance** are intended to set forth an "ascertainable standard," as described in the Internal Revenue Code and its associated Regulations. To the extent not inconsistent with the foregoing, "health" means a beneficiary's physical and mental health, including but not limited to payments for examinations, surgical, dental, or other treatment, medication, counseling, hospitalization, and health insurance premiums; "education" means elementary, secondary, post-secondary, graduate, or professional schooling in an accredited institution, public or private, or attendance at other formal programs in furtherance of the beneficiary's spiritual, athletic, or artistic education, including but not limited to payments for tuition, books, fees, assessments, equipment, tutoring, transportation, and reasonable living expenses.

(4) **Related Person** as to a particular individual is someone who is deemed to be "related or subordinate" to that individual under Section 672(c) of the Internal Revenue Code (as though that individual was a grantor).

(5) **Exempt Organization** means an organization contributions to which are deductible under Sections 2055 and 2522 of the Internal Revenue Code.

(c) **Other Terms.**

(1) **Residuary Trust Estate** means the Trust Estate (including assets added to the Trust by reason of my death) left after paying all pre-residuary gifts in this Trust and all expenses and charges (other than estate taxes).

(2) An individual who is the genetic child of parents who were not married to each other at his or her birth will be deemed not to be **a descendant** of his or her father unless the father (i) is married to that individual's mother at any time during the period starting at that individual's conception and ending at his or her birth, (ii) marries that individual's mother after that individual's birth, (iii) adopts the individual at any time, or (iv) acknowledges his paternity of the individual in a signed instrument filed with any court or governmental agency or delivered to any fiduciary during that father's lifetime. In all events, a person must be born no later than 18 months after his or her parent's death to be considered a descendant of that parent.

(3) Distributions that are to be made to a person's **descendants, per stirpes**, will be divided into equal shares, so that there will be one share for each living child (if any) of that person and one share for each deceased child who has then living descendants. The share of each deceased child will be further divided among his or her descendants on a per stirpes basis, by reapplying the preceding rule to that deceased child and his or her descendants as many times as necessary.

(4) **Disabled** or **under a disability** means (i) being under the legal age of majority, (ii) having been adjudicated to be incapacitated, (iii) having been incarcerated for more than thirty consecutive days, (iv) being unaccountably absent for more than thirty days or being detained under duress, or (v) being unable to manage properly personal or financial affairs

because of a mental or physical impairment (whether temporary or permanent in nature). A written certificate executed by an individual's attending physician confirming that person's impairment will be sufficient evidence of disability under item (v) above, and all persons may rely conclusively on such a certificate.

(5) Removal of a Trustee **for cause** includes, without limitation, the following: the willful or negligent mismanagement of the trust assets by that individual Trustee; the abuse or abandonment of, or inattention to, the trust by that individual Trustee; a federal or state charge against that individual Trustee involving the commission of a felony or serious misdemeanor; an act of theft, dishonesty, fraud, embezzlement, or moral turpitude by that individual Trustee; or the use of narcotics or excessive use of alcohol by that individual Trustee.

(6) The words **will** and **shall** are used interchangeably in this Trust and mean, unless the context clearly indicates otherwise, that the Trustee must take the action indicated; as used in this Trust, the word **may** means that the Trustee has the discretionary authority to take the action but is not automatically required to do so.

**16.2 Powers of Appointment.** The following provisions relate to all powers of appointment created by me at any time and to any power exercisable by or under this Trust.

(a) A **general power of appointment** granted to a person is one that can be exercised in favor of any one or more of the following: that person or his or her estate, his or her creditors, or the creditors of his or her estate.

(b) A **special power of appointment** is any power that is not a general power; it may be exercisable in favor of a specified class or, if no class is specified, in favor of any person or entity (other than the appointees specified in Section 16.2(a) above.)

(c) A **testamentary power of appointment** (either general or special) is exercisable upon the powerholder's death by his or her Last Will or by a revocable trust agreement established by that person, but only by specific reference to the instrument creating the power. A testamentary power of appointment may not be exercised in favor of the person possessing the power. Unless otherwise indicated, any power under this Trust may be exercised so as to create an interest held in trust.

(d) Unless otherwise limited, a power of appointment extends to all assets in a trust at the exercise of the power, even if added after the creation of the trust.

(e) In determining whether a person has exercised a testamentary power of appointment, the Trustee may rely upon an instrument admitted to probate in any jurisdiction as that person's Last Will, or upon any trust agreement certified to be valid and authentic by sworn statement of the trustee who is serving under that trust agreement. If the Trustee has not received written notice of such an instrument within six months after the powerholder's death, the Trustee may presume that the powerholder failed to exercise that power and will not be liable for acting in accordance with that presumption.

(f) I expressly refrain from exercising any power of appointment that I may possess at my death.

**16.3 Right to Information.** During my lifetime and while I am not disabled, the Trustee shall provide me with any information I request concerning actions taken by the trustee and the operation of the Trust, including a full listing of its assets. Upon my death or disability, the Trustee shall provide such information, upon request, to the person then entitled to remove successor Trustees as specified in Section 7.4.

**16.4 Notices.** Any person entitled or required to give notice under this Trust shall exercise that power by a written instrument witnessed by two impartial persons, clearly setting forth the effective date of the action for which notice is being given. The instrument may be executed in counterparts. Notice of my exercise of any power under this Trust need be given only to the affected Trustees.

**16.5 Certifications.**

**(a) From Personal Representative.** For some purposes, the Trustee is authorized to rely on a certificate from my Personal Representative as to certain facts. That certificate must be in writing and witnessed by two impartial persons, but need not be notarized. It is to be delivered to the Trustee in the same fashion as provided for other notices.

**(b) Facts.** A certificate signed and acknowledged by the Trustee stating any fact affecting the Trust Estate or the trust agreement will be conclusive evidence of such fact in favor of any transfer agent and any other person dealing in good faith with the Trustee. The Trustee may rely on a certificate signed and acknowledged by any beneficiary stating any fact concerning the Trust beneficiaries, including dates of birth, relationships, or marital status, unless an individual serving as Trustee has actual knowledge that the stated fact is false. Knowledge of all other facts will be determined as provided in Section 736.0104 of the Florida Statutes.

**(c) Copy.** Any person may rely on a copy of this instrument (in whole or in part) certified to be a true copy by me; by any person specifically named as a Trustee (or successor Trustee); by any Corporate Trustee whether or not specifically named; or, if there are none of the above, by any then serving Trustee.

**16.6 Dispute Resolution.** If there is a dispute or controversy of any nature involving the construction, meaning, or effect of this Trust or any trust created under it, or the disposition or administration of any such trust, then unless all parties in interest who are not disabled waive this section, I direct the disputing parties to agree on a manner of alternative dispute resolution. If there is no such agreement, the disputing parties shall submit the matter to mediation. If any party rejects mediation or refuses to participate in good faith, or if all issues are not resolved by mediation or the other form of resolution agreed upon, I authorize the court having jurisdiction over the subject trust to award costs and attorney's fees from that party's beneficial share or from other amounts payable to that party (including amounts payable to that party as compensation for service as fiduciary) as in chancery actions.

**16.7 Effect of Adoption.** A legally adopted child (and any descendants of that child) will be regarded as a descendant of the adopting parent only if the petition for adoption was filed with the court before the child's thirteenth birthday, except that this limitation will not apply to any child adopted by me. If the legal relationship between a parent and child is terminated by a court while the parent is alive, that child and that child's descendants will not be regarded as descendants of that parent. If a parent dies and the legal relationship with that deceased parent's child had not been terminated before that parent's death, the deceased parent's child and that child's descendants will continue to be regarded as descendants of the deceased parent even if the child is later adopted by another person.

**16.8 Infant in Gestation.** For all purposes of this Trust, an infant in gestation who is later born alive will be deemed to be in being during the period of gestation for the purpose of qualifying the infant, after it is born, as a beneficiary of this Trust.

**16.9 Applicable Law.** All matters involving the validity and interpretation of this Trust are to be governed by Florida law. Subject to the provisions of this Trust, all matters involving the administration of a trust are to be governed by the laws of the jurisdiction in which the trust has its principal place of administration.

**16.10 References.** If a reference is made to any gender in this Trust it will be deemed to encompass all relevant genders in the application of that provision, including persons or entities characterized as masculine, feminine, or any form of nonbinary identification, as appropriate. Reference to any number includes both singular and plural where the context permits or requires.

**16.11 Headings.** Use of descriptive titles for articles and paragraphs is for the purpose of convenience only and is not intended to restrict the application of those provisions.

**16.12 Further Instruments.** I agree to execute such further instruments as may be necessary to vest the Trustee with full legal title to the property transferred to this Trust.

**16.13 Acknowledgments.** Acknowledgments of this trust agreement and matters affecting the administration of the Trust may be given for purposes of recording such instruments, but the absence of an acknowledgment does not affect the validity of those instruments.

**16.14 Binding Effect.** This trust agreement extends to and is binding upon my Personal Representative, successors, and assigns, and upon the Trustee.

Executed as of the effective date written above.

GRANTOR and TRUSTEE

______________________________
Karen Beth Twiss

This instrument was signed, sealed, published, and declared by the Grantor as her Amended and Restated Trust Agreement in our joint presence, and at her request we have signed our names as attesting witnesses in her presence and in the presence of each other on the date written above.

| Name | Address |
| --- | --- |
| Katherine McComas | Palm City, FL |
| [illegible] | [illegible] |

STATE OF FLORIDA
COUNTY OF MARTIN

I, Karen Beth Twiss, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as my Amended and Restated Trust Agreement.

Karen Beth Twiss

We, Katherine L. McComas and Christine DeSantis, have been sworn by the officer signing below, and declare to that officer on our oaths that the Grantor declared the instrument to be her Amended and Restated Trust Agreement and signed it in our presence, and that we each signed the instrument as a witness in the presence of the Grantor and of each other.

Witness

Witness

Acknowledged and subscribed before me ☒ in my physical presence or ☐ by online notarization by the Grantor, Karen Beth Twiss, who ☒ is personally known to me or ☒ has produced ____________ as identification, and sworn to and subscribed before me by each of the following witnesses: Katherine L. McComas, who ☒ is personally known to me or ☒ has produced ____________ as identification, ☒ in my physical presence or ☐ by online notarization; and Christine DeSantis, who ☒ is personally known to me or ☒ has produced ____________ as identification, ☒ in my physical presence or ☐ by online notarization. Subscribed by me in the physical or online presence of the Grantor and the subscribing witnesses, as indicated above, all on the 16th day of May, 2023.

Notary Public, State of Florida
(Stamp Name, Commission # and Expiration below)

EXHIBIT
tabbies
8

## Change of Beneficiary

☑ American General Life Insurance Company
☐ The United States Life Insurance Company in the City of New York

In this form, the "Company" refers to the insurance company whose name is checked above. The Company shown above is solely responsible for the obligation and payment of benefits under any policy that it may issue. No other Company is responsible for such obligations or payments.

Send the completed form(s) to: PO Box 818005 • Cleveland, OH 44181 • Fax: 855-601-1834

### Section A - Existing Policy Information

Please fill out all applicable information below.

Policy Number: P55D4524600 *Required

Insured Name(s): Karen Twiss *Required

SSN/ITIN or EIN: [redacted] *Required

Owner Name: Karen Beth Twiss

SSN/ITIN or EIN: [redacted] *Required

Address: [redacted]

Primary Phone: [redacted]

Alternate Phone: [redacted]

Email Address: [redacted]

*If an address is provided different from the permanent address we have on file, we will update the permanent address on file.*

Co-Owner Name(s): ____ If applicable

SSN/ITIN or EIN: ____ If applicable

Address: ____

Primary Phone: ____

Alternate Phone: ____

Email Address: ____

### Section B - Beneficiary Designations

- Designation is in effect for ☑ Base Insured ☐ Spouse Insured ☐ Other ____
- Primary Beneficiary must be completed even if only contingent beneficiaries are to be changed.
- Beneficiary must be of legal age, if not Minor Beneficiary Clause **must** be completed in Section C.
- If Designation is for a Trust, complete the Legal Name of Trust in the Name field and the Date of Trust (for living trusts) in the DOB field.
- Fields with * are required

| No. | *Name | DOB mm/dd/yyyy | SSN | *Relationship | *Share % | Beneficiary Type |
|---|---|---|---|---|---|---|
| 1 | Karen Twiss Rev Living Trust<br>Address: AMD 5-16-23 DTD 9-11-03 | 9-11-03 DTD | | Trust<br>Phone #: 407-207-3626 | 100 | ☒ Primary* ☐ Contingent |
| 2 | Address: | | | Phone #: | | ☐ Primary ☐ Contingent |
| 3 | Address: | | | Phone #: | | ☐ Primary ☐ Contingent |
| 4 | Address: | | | Phone #: | | ☐ Primary ☐ Contingent |
| 5 | Address: | | | Phone #: | | ☐ Primary ☐ Contingent |
| 6 | Address: | | | Phone #: | | ☐ Primary ☐ Contingent |



AGLC0108 Rev0722

GERTNER 000053

## Section C - Optional Clauses

*Please refer to instructions on Page 4 for information regarding these options.*
One or more of the following may be checked if desired
☐ POSTPONEMENT CLAUSE - COMMON DISASTER
☐ CHILDREN'S CLAUSE - PER STIRPES
☐ MINOR BENEFICIARY CLAUSE - complete the Name of the Trustee or the Name and State of UTMA Custodian (only one) below, and the named minor beneficiaries. Refer to Section C in the Instructions page for additional information.

- Name of Trustee: ____________________, Trustee for ____________________ [name of minor beneficiary(ies)] OR
- Name of UTMA Custodian: ____________________, as Custodian for ____________________ [name of minor beneficiary(ies)] under the ____________________ [name of state] Uniform Transfer to Minors Act.

## Section D - Current Owner Signature and Date

The Policy Owner(s) warrants that the above-referenced beneficiary change is not subject to any prior agreements, contractual obligations, legal proceedings or court/administrative orders, including but not limited to divorce or bankruptcy proceedings ("Obligations"), which restrict, limit, or otherwise prohibit such change of beneficiary as contemplated. The Policy Owner(s) acknowledges and agrees that in the event any obligations become known subsequent to the above-referenced beneficiary change being made, which if then-known to the Company, would have caused the Company not to process the beneficiary change on the policy (or not to process the beneficiary change without the consent of a party other than the Policy Owner(s)), the beneficial change will become immediately void and the Policy Owner(s) shall indemnify and hold the Company harmless from any and all losses associated with the beneficiary change, including costs of recovery and reasonable attorney fees.

**TAX CERTIFICATION (Substitute Form W-9) – Applicable to U.S. persons (including U.S. citizens and resident aliens). If you are not a U.S. person, you are required to submit the applicable IRS Form W-8 series (BEN, BEN-E, ECI, EXP or IMY).**

**Under penalties of perjury, I certify to the following:**

1. That the taxpayer identification number listed on this form is my correct SSN/TIN and I am a U.S. Citizen or other U.S. person (including resident aliens);
2. I further certify that I am exempt from and have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding. The Company is required to withhold income tax on any payments, which include interest and dividends when the owner is subject to backup withholding.; and
3. I am exempt from Foreign Account Tax Compliance Act ("FATCA") reporting.

**Certification Instructions:** You must cross out any statement in 1-3 that does not apply to you. For any instructions on how to complete this certification, please see the General Instructions for the IRS Form W-9 on www.irs.gov. If you can complete a Form W-9 (Request for Taxpayer Identification Number) and you are a U.S. Citizen or U.S. resident alien, FATCA reporting may not apply to you. **Please consult your own tax advisor with any questions you may have regarding this certification.**

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

**Current/Existing Owner's Signature** (required)

X [signature]

**Date** (required) ____________________

**Current/Existing Owner's Signature** (required)

X

**Date** (required) May 19, 2023

**If the Owner lives in, is domiciled in or sitused in MA, state law requires that the form must be witnessed by a non interested party.**

**Witness Signature** (required for the state of MA only)

X

**Date** (required) ____________________

**Complete this section if this Policy is currently owned by a Trust or Business.**
☐ Trust Owned: (Complete the Certification of Trust - this additional Form may be needed if not on file with Us for the Current Owner)
☐ Business Owned: (Complete the Business Certification - this additional Form may be needed if not on file with Us for the Current Owner)

**Owner Signature**

Print full name of Company/Trust: ____________________

Print full name and title of authorized signer: ____________________

**Authorized Signature** (required)

X

**Date** (required) ____________________

## Section E - Irrevocable Beneficiary/Assignee Signature and Date (if required)

**TAX CERTIFICATION (Substitute Form W-9) – Applicable to U.S. persons (including U.S. citizens and resident aliens). If you are not a U.S. person, you are required to submit the applicable IRS Form W-8 series (BEN, BEN-E, ECI, EXP or IMY).**

**Under penalties of perjury, I certify to the following:**

1. That the taxpayer identification number listed on this form is my correct SSN/TIN and I am a U.S. Citizen or other U.S. person (including resident aliens);
2. I further certify that I am exempt from and have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding. The Company is required to withhold income tax on any payments, which include interest and dividends when the owner is subject to backup withholding.; and
3. I am exempt from Foreign Account Tax Compliance Act ("FATCA") reporting.

**Certification Instructions:** You must cross out any statement in 1-3 that does not apply to you. For any instructions on how to complete this certification, please see the General Instructions for the IRS Form W-9 on www.irs.gov. If you can complete a Form W-9 (Request for Taxpayer Identification Number) and you are a U.S. Citizen or U.S. resident alien, FATCA reporting may not apply to you. **Please consult your own tax advisor with any questions you may have regarding this certification.**

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

**Irrevocable Beneficiary/Assignee Signature** (required)

X

**Date** (required) ______________________

If the Irrevocable Beneficiary/Assignee is a trust or business, please complete the below section.

**Irrevocable Beneficiary/Assignee Signature**

Print full name of Company/Trust: ______________________

Print full name and title of authorized signer: ______________________

**Authorized Signature** (required)

X

**Date** (required) ______________________



AGLC0108 Rev0722

GERTNER 000055

## Instructions and Conditions

### Section A - Policy Information

Complete all policy information in this section. You may use this form for multiple policies that have the same policyowner and require the same signatures. If an address is provided which is different from the permanent address we have on file, we will update the permanent address on file with the address provided on this form and all mailed correspondence will go to the updated address.

In this form, the "Company" refers to the insurance company whose name is checked above. The Company shown above is solely responsible for the obligation and payment of benefits under any policy that it may issue. No other Company is responsible for such obligations or payments.

### Section B - Beneficiary Designations

Unless otherwise provided, the right to change the beneficiary is reserved to the owner. Such change will be without prejudice to the company which issued the Policy ("the Company") on account of any payment made or action taken by it before receipt of such notice at its Service Center.

This designation, when filed with the Company, will become effective as of its date of execution (date this form was signed). Such execution will constitute a waiver of any policy provision(s) requiring endorsement of change of beneficiary. All designations are subject to the terms and conditions of the Policy, any indebtedness to the Company and any collateral assignment of the Policy, whether made prior to or subsequent to the date of this designation. The Company is released from all liability by making payment in accordance with this designation and assumes no responsibility for the use of money by any Trustee named herein. If a Trustee is named as the beneficiary, the date and legal title of the Trust must also be included.

If beneficiaries are to receive unequal portions of the death benefit, it must be shown as a percentage of the death benefit and not as specific dollar amounts. In the event no beneficiary survives the insured and this form or the Policy does not provide otherwise, the proceeds will be paid to the policyowner, or the executors or administrators of the policyowner's estate.

**SUGGESTED WORDING FOR COMMON DESIGNATIONS**

**One individual beneficiary** - Mary Doe, SSN 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, 100 N. Main St, Chicago, IL, Spouse, 100%

**Multiple individual beneficiaries** - Jane Doe, SSN 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, 100 N. Main St, Chicago, IL, Child, 33.3%; John Doe, SSN 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, 100 N. Main St, Chicago, IL, Child, 33.3%; Jesse Doe, SSN 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, 100 N. Main St, Chicago, IL, Child, 33.4%

**Living Trust** - The Smith Family Trust, dtd 3/3/2013, TIN 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, Trust, 100%

**Testamentary Trust** - Sally Smith Testamentary Trust under the Suzie S. Smith Last Will and Testament dtd 1/1/1999, Trust, 100%

**Insured/Annuitant's Estate** - Estate of the Insured, 100%

**Business Partner** - Jim Smith, SSN 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, 100 N. Main St, Chicago, IL, Business Partner, 100%

**Employer** – ABC and Associates, TIN 99-9999999, 100 N. Main St, Chicago, IL, Employer, 100%

**Samples of commonly used relationships:**

| | | | | |
|---|---|---|---|---|
| Spouse | Child | Parent | Sibling | Friend |
| Domestic Partner | Stepchild | Parent-In-Law | Trust | Business Partner |
| Former Spouse | Grandchild | Grandparent | Guardian | Employer |

### Section C - Optional Clauses

**Postponement Clause - Common Disaster** – In no case shall any payment be made to any beneficiary designated in this form until thirty (30) days or state mandated period have elapsed following the Insured's death, and in the event of the death of a beneficiary during such period, payment shall be made in the same manner as provided in this form, had the said beneficiary predeceased the Insured. This provision does not apply to a Trustee.

**Children's Clause - Per Stirpes** – If a child of the Insured who is designated in this form as a beneficiary predeceases the Insured, leaving children who survive the Insured, then the shares the deceased beneficiary would have received shall be payable in equal shares to the surviving children of the deceased beneficiary.

**Minor Beneficiary Clause –**

- Trustee for Minor(s) – The Trustee designated on behalf any beneficiary(ies) who is a minor child at the time the policy proceeds become payable will receive any payment due after the Insured's death.
- UTMA Custodian – The UTMA Custodian designated on behalf of any beneficiary(ies) who is a minor child at the time the policy proceeds become payable will receive any payment due after the Insured's death. The Owner must indicate the state in which the custodial relationship has been established under the Uniform Transfers to Minors Act (UTMA).
- Payment by the Company to such Trustee or UTMA Custodian as described above shall constitute an absolute and complete release the Company, which shall not be held accountable or responsible for the use and application of the policy proceeds paid to such Trustee or UTMA Custodian.
- If, by the time the policy proceeds become payable, the minor has reached the age of majority or the age of termination in the case of a UTMA custodianship, the named Trustee or UTMA Custodian will be disregarded.

### Section D and E - Signature and Date

Please elect ownership type and fill out all applicable information. All required signatures must be written in ink, using full legal names. The request must be signed by: the person or persons who have the rights of ownership under the terms of the Policy, by an Irrevocable Beneficiary or by any other party who may have an interest in the Policy by legal proceedings or statues.

- If the owner is a trust, complete the Certification of Trust - this additional Form may be needed if not on file with Us for the Current Owner.
- If the owner is a business, complete the Business Certification - this additional Form may be needed if not on file with Us for the Current Owner.

### Additional Requirements

- The following requirements apply to the current owner:

**Guardianship/Conservatorship** - Signature of the current guardian is required along with the current Guardianship Papers or Letter of Conservatorship. The signature must be dated within one year of the request.

**Power of Attorney** - Request must be signed by the attorney-in-fact. A copy of the applicable Power of Attorney document is required. A completed, signed, dated, and notarized Power of Attorney Affidavit and Indemnity Agreement is required when the disbursement will be $100,000 or over and/or the face amount of the policy is $1,000,000 or over.

EXHIBIT
tabbles
9

**American General Life Insurance Company (AGL)**
**The United States Life Insurance Company in the City of New York (USL)**
**The Variable Annuity Life Insurance Company (VALIC)**

*Address mail to:*
**Annuity Service Center**

**Regular Mail**
P.O. Box 15570
Amarillo, TX 79105-5570

**Overnight Mail**
1050 North Western Street
Amarillo, TX 79106-7011

**Phone:** 800-445-7862
**Email:** aigannuityservice@aig.com
**Website:** aig.com/annuities
**Fax:** 818-615-1543

# Change of Beneficiary — Annuities

**Instructions**

1. This form is used to change the beneficiary and must be signed by the Owner(s) of the contract. Please print or type clearly.
2. Changing the primary beneficiary on your contract might affect your living benefit, if applicable. Please see your contract and Owner Acknowledgment for more details.
3. The issuing company, either AGL, USL, or VALIC *(the Company)*, shall not be bound by any trust agreement, will, or partnership agreement, and shall not be liable for the application or subsequent distribution of the proceeds of the contract by trustee, beneficiary, or any other person.
4. If the contract is assigned *(i.e., collateral assignment)*, any change of beneficiary will be subject to the rights of the assignee of record with the Company.
5. If a trust is the Owner, the trust should be designated as the primary beneficiary unless your contract provides otherwise.
6. This change of beneficiary will become effective as of the date specified in your contract.
7. After this form has been received and information confirmed by the Company, the Owner(s) will receive written confirmation of the beneficiary change.

## 1 Contract Information

Contract Number(s) P55D4524600 Owner's SSN/TIN [redacted]

Owner's Last Name Twiss First Name Karen MI ____

Joint Owner's Last Name ____ First Name ____ MI ____

Addres[redacted] State FL Zip 34997

Phone Numbe[redacted]

## 2 Standard Beneficiary Election

**Designate your new beneficiary(ies) below. This beneficiary designation supersedes and replaces all previous beneficiary designations for the contract(s) listed above. Please note the following when designating your beneficiary(ies).**

- A beneficiary may be an individual, institution, estate, trust or other non-natural entity.
- When there are multiple beneficiaries and one predeceases you, the proceeds will be divided among the remaining beneficiaries in that type/class *(i.e., Primary or Contingent)*, unless you add a "Per Stirpes" designation after a beneficiary's name. A "Per Stirpes" designation allows the descendants of a deceased beneficiary to receive that beneficiary's portion.
- For each type/class of beneficiary, percentages must equal 100%. If no percentage(s) is indicated, your beneficiary benefit will be paid equally to the listed beneficiaries in that class/type that survive you.
- **Jointly Owned Contracts** – Joint Owners will be considered each other's sole primary beneficiary. Any other beneficiary(ies) listed below will be considered "contingent."
- If designating a trust as beneficiary, please include the full name of the trust, the trustee name(s) and trust date below.

## 2 Standard Beneficiary Election *(continued)*

**PRIMARY BENEFICIARY DESIGNATION** – *any percentage split must be in whole numbers and equal 100%.*

1. Beneficiary Name Karen Twiss Rev. Living Trust
   Address [redacted] REDACTED REDACTED
   Relationship Trust Beneficiary % 100 SSN/T[redacted] REDACTED
   Birth/Trust Date [redacted]

2. Beneficiary Name ______
   Address ______ City ______ State ______ Zip ______
   Relationship ______ Beneficiary % ______ SSN/TIN ______ Phone ______
   Birth/Trust Date ______ Email ______ ☐ Male ☐ Female

**CONTINGENT BENEFICIARY DESIGNATION** – *any percentage split must be in whole numbers and equal 100%.*

1. Beneficiary Name ______
   Address ______ City ______ State ______ Zip ______
   Relationship ______ Beneficiary % ______ SSN/TIN ______ Phone ______
   Birth/Trust Date ______ Email ______ ☐ Male ☐ Female

2. Beneficiary Name ______
   Address ______ City ______ State ______ Zip ______
   Relationship ______ Beneficiary % ______ SSN/TIN ______ Phone ______
   Birth/Trust Date ______ Email ______ ☐ Male ☐ Female

☐ Check here if you have named additional beneficiaries on a separate sheet, signed, dated and attached to this form. Print your name and contract number at the top of each separate sheet attached.

## 3 Signatures

The undersigned does hereby designate the beneficiaries above, certifies that the information is true, and acknowledges that **this beneficiary change SUPERSEDES AND REPLACES all previous beneficiary designations for the contract(s) listed above.**

~~Owner's Signature X~~ KB Twiss ~~Date ... 2023~~ 2023

**Joint Owner's Signature *(if applicable)* X** ______ Date ______

**Trustee Signature *(if applicable)* X** ______ trustee Date ______

Signatures for beneficiary changes are not required to be notarized unless there is a significant change to the owner's signature. The company reserves the right to require the signature be notarized if the signature doesn't match or we do not have a signature on file.

EXHIBIT
tabbies
10



| | |
|---|---|
| **From:** | "Individual Retirement Department" <AIGAnnuityService@aig.com> |
| **Date:** | Thu, 29 Jun 2023 15:32:50 -0400 |
| **To:** | "LnR_AIGAnnuityService" <LnR_AIGAnnuityService@aig.com> |
| **Subject:** | FW: [EXTERNAL] Bene change - Karen Twiss |
| **Attachments:** | Twiss Bene change.pdf |

**From:** Stiger, Sandra L <sandra.stiger@ml.com>
**Sent:** Thursday, June 29, 2023 2:31:31 PM (UTC-06:00) Central Time (US & Canada)
**To:** Individual Retirement Department <AIGAnnuityService@aig.com>
**Cc:** Loschiavo, Paul - JUPITER FL <paul_loschiavo@ml.com>
**Subject:** [EXTERNAL] Bene change - Karen Twiss

**This message is from an external sender; be cautious with links and attachments.**

Please process asap.

Sandra

**Sandra Stiger, CRPC®**
**Registered Senior Wealth Management Client Associate**

**Merrill Lynch Wealth Management**
**The Loschiavo Harvan McKenzie Group**
Merrill Lynch, Pierce, Fenner and Smith Inc.
900 S. US Hwy One, Suite 400
Jupiter, FL 33477
**Phone 561-741-3194 | Fax 855-306-4255**
**Sandra.Stiger@ml.com**

MERRILL
A BANK OF AMERICA COMPANY

Account access......anytime, anywhere with MyMerrill Mobile. Click here to learn more and get started.

Point. Click. Deposit. Click here to see how easy it is to deposit a check using the MyMerrill Mobile app!

Your financial life at a glance. Click here to learn more about My Financial Picture

---

This message, and any attachments, is for the intended recipient(s) only, may contain information that is privileged, confidential and/or proprietary and subject to important terms and conditions available at http://www.bankofamerica.com/emaildisclaimer. If you are not the intended recipient, please delete this message.

**American General Life Insurance Company (AGL)**
**The United States Life Insurance Company in the City of New York (USL)**
**The Variable Annuity Life Insurance Company (VALIC)**

*Address mail to:*
**Annuity Service Center**

**Regular Mail**
P.O. Box 15570
Amarillo, TX 79105-5570

**Overnight Mail**
1050 North Western Street
Amarillo, TX 79106-7011

**Phone:** 800-445-7862
**Email:** aigannuityservice@aig.com
**Website:** aig.com/annuities
**Fax:** 818-615-1543

# Change of Beneficiary — Annuities

**Instructions**

1. This form is used to change the beneficiary and must be signed by the Owner(s) of the contract. Please print or type clearly.
2. Changing the primary beneficiary on your contract might affect your living benefit, if applicable. Please see your contract and Owner Acknowledgment for more details.
3. The issuing company, either AGL, USL, or VALIC *(the Company)*, shall not be bound by any trust agreement, will, or partnership agreement, and shall not be liable for the application or subsequent distribution of the proceeds of the contract by trustee, beneficiary, or any other person.
4. If the contract is assigned *(i.e., collateral assignment)*, any change of beneficiary will be subject to the rights of the assignee of record with the Company.
5. If a trust is the Owner, the trust should be designated as the primary beneficiary unless your contract provides otherwise.
6. This change of beneficiary will become effective as of the date specified in your contract.
7. After this form has been received and information confirmed by the Company, the Owner(s) will receive written confirmation of the beneficiary change.

## 1 Contract Information

Contract Number(s) P55D4524600 Owner's SSN/TIN REDACTED

Owner's Last Name Twiss First Name Karen MI

Joint Owner's Last Name First Name MI

Address REDACTED

Phone Number REDACTED

## 2 Standard Beneficiary Election

**Designate your new beneficiary(ies) below. This beneficiary designation supersedes and replaces all previous beneficiary designations for the contract(s) listed above. Please note the following when designating your beneficiary(ies).**

- A beneficiary may be an individual, institution, estate, trust or other non-natural entity.
- When there are multiple beneficiaries and one predeceases you, the proceeds will be divided among the remaining beneficiaries in that type/class *(i.e., Primary or Contingent)*, unless you add a "Per Stirpes" designation after a beneficiary's name. A "Per Stirpes" designation allows the descendants of a deceased beneficiary to receive that beneficiary's portion.
- For each type/class of beneficiary, percentages must equal 100%. If no percentage(s) is indicated, your beneficiary benefit will be paid equally to the listed beneficiaries in that class/type that survive you.
- **Jointly Owned Contracts** – Joint Owners will be considered each other's sole primary beneficiary. Any other beneficiary(ies) listed below will be considered "contingent."
- If designating a trust as beneficiary, please include the full name of the trust, the trustee name(s) and trust date below.

## 2 Standard Beneficiary Election *(continued)*

**PRIMARY BENEFICIARY DESIGNATION** – *any percentage split must be in whole numbers and equal 100%.*

1. Beneficiary Name Karen Twiss Rev. Living Trust
   Address [redacted]
   Relationship Trust Beneficiary % 100 SSN/T[redacted]
   Birth/Trust Date [redacted]

2. Beneficiary Name ______
   Address ______ City ______ State ______ Zip ______
   Relationship ______ Beneficiary % ______ SSN/TIN ______ Phone ______
   Birth/Trust Date ______ Email ______ ❑ Male ❑ Female

**CONTINGENT BENEFICIARY DESIGNATION** – *any percentage split must be in whole numbers and equal 100%.*

1. Beneficiary Name ______
   Address ______ City ______ State ______ Zip ______
   Relationship ______ Beneficiary % ______ SSN/TIN ______ Phone ______
   Birth/Trust Date ______ Email ______ ❑ Male ❑ Female

2. Beneficiary Name ______
   Address ______ City ______ State ______ Zip ______
   Relationship ______ Beneficiary % ______ SSN/TIN ______ Phone ______
   Birth/Trust Date ______ Email ______ ❑ Male ❑ Female

❑ Check here if you have named additional beneficiaries on a separate sheet, signed, dated and attached to this form. Print your name and contract number at the top of each separate sheet attached.

## 3 Signatures

The undersigned does hereby designate the beneficiaries above, certifies that the information is true, and acknowledges that **this beneficiary change SUPERSEDES AND REPLACES all previous beneficiary designations for the contract(s) listed above.**

~~Owner's Signature~~ X KBTwiss Date ~~...~~ 2023

**Joint Owner's Signature *(if applicable)* X** ______ Date ______

~~**Trustee Signature *(if applicable)* X**~~ Trustee Date ______

Signatures for beneficiary changes are not required to be notarized unless there is a significant change to the owner's signature. The company reserves the right to require the signature be notarized if the signature doesn't match or we do not have a signature on file.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.:
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE OF THE SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN BETH TWISS TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC., A Delaware corporation, AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation and GABRIEL PELLETIER,

Defendants.
_______________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

AMERICAN GENERAL LIFE INSURANCE COMPANY
C/O REGISTERED AGENT
FLORIDA DEPARTMENT OF FINANCIAL SERVICES
200 EAST GAINES STREET
TALLAHASSEE, FL 32301

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this ______ day of May, 2026.

CAROLYN TIMMANN
Circuit Court Clerk

By: ________________________________
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.:
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC.,
A Delaware corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.
_______________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

COREBRIDGE FINANCIAL, INC.
C/O REGISTERED AGENT
FLORIDA DEPARTMENT OF FINANCIAL SERVICES
200 EAST GAINES STREET
TALLAHASSEE, FL 32301

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this _______ day of May, 2026.

CAROLYN TIMMANN
Circuit Court Clerk

By: ________________________________
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.:
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL INC.,
A Delaware corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.
_____________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

GABRIEL PELLETIER
18056 58 Ave.
Surrey, BC. V3S 1M1

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this _______ day of May, 2026.

CAROLYN TIMMANN
Circuit Court Clerk

By: ________________________________
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

# Martin County Clerk of Circuit Court
## Martin County Receipt of Transaction
## Receipt #260020827

Carolyn Timmann
Clerk of the Circuit Court & Comptroller
Martin County, Florida

Tim B Wright

Created by: CCASTILLO
Cashiered by: CCASTILLO
On: 05/08/2026 2:44 pm
Transaction # 1659692

**CaseNumber 26000504CAAXMX**

**Action:**

**Judge:**

**Received From:** **Tim B Wright**

**On Behalf Of:** **COREBRIDGE FINANCIAL INC**
**200 EAST GAINES STREET**
**TALLAHASSEE, FL 32301**

COPY

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| NEW CIVIL FILING | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |
| **Grand Total** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-PORTAL | SUB TOTAL $430.00<br>CONVENIENCE FEE $0.00<br>CREDIT CARD CHARGE $430.00<br>REMAINING BALANCE $0.00<br>I AGREE TO PAY THE ABOVE CREDIT CARD AMOUNT ACCORDING TO ISSUER AGREEMENT INCLUDING THE CREDIT IPASS CONVENIENCE FEE.<br>OK<br>247783901 | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.: 26-504-CA
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE OF THE SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN BETH TWISS TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC., A Delaware corporation, AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation and GABRIEL PELLETIER,

Defendants.
_______________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

AMERICAN GENERAL LIFE INSURANCE COMPANY
C/O REGISTERED AGENT
FLORIDA DEPARTMENT OF FINANCIAL SERVICES
200 EAST GAINES STREET
TALLAHASSEE, FL 32301

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this 8TH day of May, 2026.

CLERK OF THE CIRCUIT COURT • MARTIN COUNTY, FLORIDA • AND COMPTROLLER

CAROLYN TIMMANN
Circuit Court Clerk

By: Carmen Castillo
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.: 26-504-CA
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC.,
A Delaware corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.
_______________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

COREBRIDGE FINANCIAL, INC.
C/O REGISTERED AGENT
FLORIDA DEPARTMENT OF FINANCIAL SERVICES
200 EAST GAINES STREET
TALLAHASSEE, FL 32301

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this 8TH day of May, 2026.

CLERK OF THE CIRCUIT COURT AND COMPTROLLER • MARTIN COUNTY, FLORIDA •

CAROLYN TIMMANN
Circuit Court Clerk

By: Carmen Castillo
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.: 26-504-CA
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE OF THE SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN BETH TWISS TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL INC., A Delaware corporation, AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation and GABRIEL PELLETIER,

Defendants.
_________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

GABRIEL PELLETIER
18056 58 Ave.
Surrey, BC. V3S 1M1

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this 8TH day of May, 2026.

CLERK OF THE CIRCUIT COURT • MARTIN COUNTY, FLORIDA • AND COMPTROLLER

CAROLYN TIMMANN
Circuit Court Clerk

By: Carmen Castillo
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente depués de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.:
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE OF THE SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN BETH TWISS TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC., A Delaware corporation, AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation and GABRIEL PELLETIER,

Defendants.
_______________________________/

COPY

**ALIAS SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Alias Summons and Complaint on:

COREBRIDGE FINANCIAL, INC.
C/O REGISTERED AGENT
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Alias Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this _______ day of May, 2026.

CAROLYN TIMMANN
Circuit Court Clerk

By: ______________________________
As Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

# Martin County Clerk of Circuit Court
## Martin County Receipt of Transaction
## Receipt #260021542

Carolyn Timmann
Clerk of the Circuit Court & Comptroller
Martin County, Florida

Tim B Wright

Created by: JHARBISON
Cashiered by: JHARBISON
On: 05/13/2026 1:33 pm
Transaction # 1660420

**CaseNumber 26000504CAAXMX**

**Action:**

**Judge:** WATERS, JENNIFER

**Received From:** Tim B Wright

**On Behalf Of:** COREBRIDGE FINANCIAL INC
200 EAST GAINES STREET
TALLAHASSEE, FL 32301

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| NEW CIVIL FILING | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| CIRCUIT EPORTAL SUMMONS $10.00 | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | **440.00** | **430.00** | **0.00** | **10.00** | **10.00** | **0.00** |
| **Grand Total** | **440.00** | **430.00** | **0.00** | **10.00** | **10.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-PORTAL | SUB TOTAL $10.00<br>CONVENIENCE FEE $0.00<br>CREDIT CARD CHARGE $10.00<br>REMAINING BALANCE $0.00<br>I AGREE TO PAY THE ABOVE CREDIT CARD AMOUNT ACCORDING TO ISSUER AGREEMENT INCLUDING THE CREDIT IPASS CONVENIENCE FEE.<br>OK<br>248091784 | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |
| | | **10.00** | **0.00** | **0.00** | **0.00** | **10.00** |

COPY

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

Case Number: 43 2026CA000504

PATRICK M. GERTNER, AS TRUSTEE OF THE SIXTH AMENDMENT AND RESTATEMENT OF THE KAREN B. TWISS TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC., a Delaware corporation, AMERICAN GENERAL LIFE INSURANC COMPANY, a Texas corporation and GABRIEL PELLETIER

Defendants.

_______________________________________/

COPY

**AFFIDAVIT OF NON-SERVICE OF ORIGINAL SUMMONS**

**STATE OF FLORIDA**

**COUNTY OF MARTIN**

Before me this day personally appeared Tim B. Wright, who being duly sworn, deposes and says:

1. The attached original Summons issued to be served on Corebridge Financial, Inc. with Filing # 247804864 on May 8, 2026, will not be served in the above-referenced action.

_______________________________
Tim B. Wright

Sworn to and subscribed before me by means of ✓ physical presence or _____ online notarization, this 20th day of May, 2026, by Tim B. Wright.

ASHLEY JOHNSON
MY COMMISSION # HH 533290
EXPIRES: September 30, 2028

Ashley Johnson
Notary Public – State of Florida

(Print, type or stamp Commissioned name of Notary Public)

__✓__ Personally know OR Produced Identification
Type of Identification Produced ____________________

COPY

Filing # 247804864 E-Filed 05/08/2026 03:25:09 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.: 26-504-CA
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC.,
A Delaware corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.

_______________________________________/

COPY

**SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Summons and Complaint on:

COREBRIDGE FINANCIAL, INC.
C/O REGISTERED AGENT
FLORIDA DEPARTMENT OF FINANCIAL SERVICES
200 EAST GAINES STREET
TALLAHASSEE, FL 32301

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this 8TH day of May, 2026.

CARTIFY

CAROLYN TIMMANN
Circuit Court Clerk

By: Carmen Castillo
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.: 2026-504 CA
JUDGE: WATERS

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC.,
A Delaware corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.
_______________________________________/

COPY

**ALIAS SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Alias Summons and Complaint on:

COREBRIDGE FINANCIAL, INC.
C/O REGISTERED AGENT
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Alias Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this 28TH day of May, 2026.

CAROLYN TIMMANN
Circuit Court Clerk

By: J. HARBISON
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO.: 26-504-CA
JUDGE:

PATRICK M. GERTNER, AS TRUSTEE
OF THE SIXTH AMENDMENT AND
RESTATEMENT OF THE KAREN BETH TWISS
TRUST DATED MAY 16, 2023,

Plaintiff,

v.

COREBRIDGE FINANCIAL, INC.,
A Delaware corporation,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, a Texas
Corporation and
GABRIEL PELLETIER,

Defendants.
_______________________________/

COPY

**ALIAS SUMMONS**

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this Alias Summons and Complaint on:

COREBRIDGE FINANCIAL, INC.
C/O REGISTERED AGENT
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

TIM B. WRIGHT
WRIGHT, PONSOLDT & LOZEAU
TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Blvd., Suite 100
Stuart, Florida 34996
Phone: (772) 286-5566
Fax: (772) 286-9102
Counsel for Plaintiff

within twenty (20) days after service of this Alias Summons and Complaint, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on the listed attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED this 28th day of May, 2026.

CAROLYN TIMMANN
Circuit Court Clerk

By: Carmen Castillo
As Deputy Clerk

COPY

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.