**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14209-CIV-LEIBOWITZ/MAYNARD**

**PATRICK M. GERTNER,**

**Plaintiff,**

**v.**

**COLEBRIDGE FINANCIAL, INC.,** ***et al.*****,**

**Defendants.**
______________________________________/

**REPORT & RECOMMENDATION**
**ON PLAINTIFF'S MOTION TO REMAND [DE 14]**

**THIS CAUSE** is before me upon Plaintiff's Motion to Remand ("Motion"). DE 14. The Honorable David S. Leibowitz has referred the Motion to me for a report and recommendation. DE 32. Having reviewed the Motion, Defendants' Response, DE 30, Plaintiff's Reply, DE 31, the record, and the applicable law, I **RECOMMEND** that the Motion be **GRANTED IN PART AND DENIED IN PART** as follows.

**BACKGROUND**

On May 8, 2026, Plaintiff Patrick M. Gertner, as Trustee of the Sixth Amendment and Restatement of the Karen Beth Twiss Trust dated May 16, 2023, began this action in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida. DE 1-1 at 7-12. The Complaint asserts a single claim for declaratory relief concerning the proper beneficiary of an annuity contract issued by Defendant American General Life Insurance Company ("American General"). *Id.* at 11-12. Plaintiff names three Defendants: American General; Gabriel Pelletier, an individual and Canadian citizen ("Pelletier"); and Corebridge Financial, Inc. ("Corebridge").

American General was served on May 14, 2026. DE 15-1. Pelletier was personally served on May 25, 2026. DE 17-1. Corebridge was served through its registered agent on May 29, 2026. DE 16-1.

On June 12, 2026, Corebridge and American General (together, the "Removing Defendants") removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. DE 1. At the time of removal, Pelletier had not joined in or consented to removal. The Notice of Removal stated that, to Removing Defendants' knowledge, Pelletier "has not yet been properly served with the Complaint," and therefore his consent was not required. *Id.* at 7. Removing Defendants also noted that, in an abundance of caution, their counsel had attempted to contact Pelletier to obtain his consent but had been unable to do so. *Id.* at 7 n.1.

On July 1, 2026, Pelletier filed a Notice of Appearance and a Joinder in and Consent to Removal, expressly stating his joinder in and consent to removal from state court. DE 9.

On July 9, 2026, Plaintiff timely moved to remand, arguing that the removal was procedurally defective because Pelletier was properly served before removal but had not timely joined in or consented to removal. DE 14. Plaintiff also seeks attorneys' fees and costs under § 1447(c).

The Removing Defendants do not dispute that Pelletier was served before removal and that he had not consented to removal as of June 12, 2026. DE 30. They instead argue that they were unaware when they removed the action that Pelletier had been served on May 25, 2026; that any lack of unanimity was a curable procedural defect; and that Pelletier's July 1, 2026 consent promptly cured the defect. They further argue that because the state-court docket did not reflect Pelletier's service when they removed the action and Pelletier had not yet appeared, his consent was not required. They also argue that their efforts to contact Pelletier before removal demonstrate

that they acted reasonably. Finally, they maintain that even if remand is warranted, Plaintiff is not entitled to attorneys' fees and costs because the removal was objectively reasonable.

In reply, Plaintiff maintains that the material facts regarding removal are undisputed and that the dispositive issue is whether Pelletier's July 1, 2026 consent could retroactively cure the Removing Defendants' failure to obtain his consent before removing the action on June 12, 2026. DE 31.

After Plaintiff moved to remand, the Court granted an agreed motion[1] and extended the deadline for amending the pleadings or joining parties until fifteen (15) days after resolution of the pending motion to remand. DE 44.

## LEGAL STANDARD

A defendant may remove a civil action from state court to federal court if the action could have been brought originally in federal court. 28 U.S.C. § 1441(a). A civil action can be brought in federal court when (1) it raises a federal question (28 U.S.C. § 1331); (2) there is diversity of citizenship and an amount in controversy exceeding $75,000 (28 U.S.C. § 1332(a)); or (3) another statute specifically grants such jurisdiction. *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)).

The removing party bears the burden of establishing that removal was proper, including compliance with the procedural requirements governing removal. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Among those requirements, the unanimity requirement provides that, "[w]hen a

[1] Plaintiff's agreed motion, DE 43, explained that he intends to seek leave to assert additional claims against persons and entities that may include Florida citizens. Plaintiff represented that joinder of one or more such parties would destroy diversity jurisdiction and may provide an additional basis for remand, but requested that the pending, referred motion to remand be resolved first. The presiding U.S. District Judge granted the motion and extended the deadline for motions to amend pleadings and join parties to fifteen (15) days following entry of an order resolving Plaintiff's motion to remand. DE 44.

civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A); *see also Mastec, Inc. v. QBE Specialty Ins. Co.,* 2026 WL 1493094, at *3 (S.D. Fla. May 28, 2026) (J. Ruiz).

Section 1446 establishes a thirty-day period for removal. Each defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). When defendants are served at different times, a later-served defendant may remove within its own thirty-day period, and "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Thus, each defendant's removal period is tied to its or his own service, subject to the statute's provisions governing later-served defendants and consent by earlier-served defendants at the time of removal.

A plaintiff may move to remand based on a procedural defect in removal within thirty days after the notice of removal is filed. 28 U.S.C. § 1447(c); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1043-44 (11th Cir. 2001) (citations omitted), *abrogated on other grounds by Overlook Gardens Props., LLC v. Orix USA, L.P.*, 927 F.3d 1194 (11th Cir. 2019). Because federal courts are courts of limited jurisdiction and removal implicates significant federalism concerns, removal statutes are strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409, 411 (11th Cir. 1999); *Russell Corp.*, 264 F.3d at 1049. Accordingly, ambiguities and uncertainties concerning removal are construed in favor of remand. *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## ANALYSIS

It is undisputed that the parties are diverse for purposes of diversity jurisdiction and that the amount in controversy exceeds $75,000. It is likewise undisputed that Pelletier was properly served on May 25, 2026, before Defendants removed this action on June 12, 2026, and that Pelletier did not join in or consent to removal as of the removal date. The parties' dispute is therefore narrowly confined to whether Pelletier's post-removal consent on July 1, 2026, cured the failure to satisfy § 1446(b)(2)(A). As explained below, it did not.

I first address whether Pelletier's consent was required when Defendants removed the action. I then consider whether his post-removal consent could cure the failure to satisfy the unanimity requirement, including the effect of Congress's 2011 amendments to § 1446. Next, I consider, in the alternative, whether any recognized exception to the unanimity requirement applies. Finally, I consider whether an award of attorneys' fees and costs is warranted.

### I. PELLETIER'S CONSENT WAS REQUIRED AT THE TIME OF REMOVAL

The record shows that Pelletier was served on May 25, 2026, DE 17-1, eighteen (18) days before the Removing Defendants, American General and Corebridge, removed this action on June 12, 2026, DE 1. Thus, at the time of removal, Pelletier was a properly joined and served defendant within the meaning of § 1446(b)(2)(A).

Because Pelletier was served before removal, his consent to removal was required. Yet neither Pelletier nor his counsel joined in the Notice of Removal or otherwise manifested Pelletier's consent on or before June 12, 2026. Indeed, the Notice of Removal acknowledged that the Removing Defendants had been unable to establish contact with Pelletier. DE 1 at 7; *see MasTec, Inc. v. QBE Specialty Insurance Co.*, 2026 WL 1493094, at *6 (finding that defendants'

failure to timely consent to removal violated the unanimity rule and constituted a separate basis for remand).

The timing provisions of § 1446(b)(2) reinforce this conclusion. American General was served on May 14, 2026, DE 15-1; Pelletier was served on May 25, 2026, DE 17-1; and Corebridge was served on May 29, 2026, DE 16-1. Corebridge and American General removed the action on June 12, 2026, within their respective thirty-day periods. Pelletier's thirty-day period expired on June 24, 2026, but he did not file his Joinder in and Consent to Removal until July 1, 2026.

Section 1446(b)(2)(C) does not alter this result. This provision permits a later-served defendant to remove within its own thirty-day period and permits an earlier-served defendant to join in and consent to that removal even though the earlier-served defendant did not previously initiate or consent to removal. Here, Corebridge, the latest-served defendant, timely removed the action on June 12, 2026, which was within its thirty-day period. But nothing in § 1446(b)(2)(C) extends the thirty-day period applicable to Pellitier as an earlier-served defendant or permitted Pellitier to withhold consent beyond the applicable statutory period.

Defendants contend that the state-court docket did not reflect Pelletier's service at the time of removal and so they reasonably believed his consent was unnecessary. That circumstance does not change the statutory analysis. Section § 1446(b)(2)(A) asks whether a defendant has been "properly joined and served," not whether a state-court docket accurately reflected that service when the notice of removal was filed. Here, the record establishes, and Defendants do not dispute, that Pelletier was properly joined and served before removal. The absence of a return of service on the state-court docket did not alter his status as a properly joined and served defendant or eliminate the statutory requirement that he consent to removal.

Defendants' efforts to contact Pelletier before removal do not change that conclusion. Those efforts may bear on the reasonableness of Defendants' position for purposes of Plaintiff's request for fees and costs, but they do not satisfy § 1446(b)(2)(A).

Accordingly, Pelletier's consent was required at the time of removal, and Defendants did not satisfy the unanimity requirement when they removed the action. The remaining question is whether Pelletier's later consent, filed after his thirty-day period expired, nevertheless cured that procedural defect.

## II. PELLETIER'S JULY 1, 2026 CONSENT DID NOT CURE THE DEFECT

Pelletier's July 1, 2026 consent, filed after his thirty-day period expired, did not cure the failure to satisfy § 1446(b)(2)(A).

Before Congress amended § 1446 in 2011, the unanimity rule was "merely a judge-made rule subject to judicially created exceptions." *See Mastec, Inc. v. QBE Specialty Ins. Co.*, 2026 WL 1493094, at *6 (S.D. Fla. May 28, 2026) (quoting *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021)). Congress subsequently codified the unanimity requirement in § 1446(b)(2)(A) and established the statutory framework governing the timing of removal and consent. *Id.*

In *Taylor*, the Second Circuit considered the effect of that statutory amendment and concluded that courts may not create an additional exception permitting a properly served defendant to provide consent after the applicable statutory period has expired. *Taylor*, 15 F.4th at 152-53. As *Taylor* explained, Congress contemplated certain limited exceptions in the removal statute and, by omitting others, left courts without authority to create them. *Id.* at 153 ("Where, as here, Congress provides no exceptions to the rule, we are not at liberty to create one."). The *Taylor* court reasoned that permitting late consent would undermine the statutory framework governing removal and the goal of promptly determining the proper forum. *Id.* at 151.

Judge Ruiz recently adopted *Taylor's* reasoning in *MasTec*. There, as here, the removing defendant timely removed the action but other properly joined and served defendants did not timely manifest their consent. *MasTec*, 2026 WL 1493094, at *4-6. Relying on *Taylor*, the court concluded that the post-2011 statutory framework did not permit a properly served and joined defendant to cure its failure to timely consent by filing a consent after the applicable statutory period had expired. *Id.* at *5-6. The court declined to create an exception permitting a defendant to provide consent after its statutory period expired reasoning that allowing late consent "would not only overlook the statute's clear language, but would also undermine the 'rapid determination of the proper forum,' which [courts] have recognized as a goal of the removal process." *MasTec*, 2026 WL 1493094, at *6 (quoting *Taylor*, 15 F.4th at 151). The court treated the untimely consent as a separate and independent basis for remand. *Id.*

Defendants cite, among other authorities, *Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979 (11th Cir. 2015), and *In re: Kachkar*, 769 F. App'x 673 (11th Cir. 2019). *See* DE 30 at 3-4. Those unpublished Eleventh Circuit decisions recognized that certain technical defects in unanimity could be cured after removal. In *Stone*, the Eleventh Circuit relied on *Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72 (1st Cir. 2009), which treated unanimity as a rule that, while strictly enforced, was not inflexible and permitted a technical defect to be cured when the nonconsenting defendant later opposed remand. *Stone*, 609 F. App'x at 981-82. *Kachkar* likewise posited, in a footnote, that a procedural defect relating to unanimity could be cured by a defendant's subsequent consent. *Kachkar*, 769 F. App'x at 677 n.1.

Neither decision, however, considered the effect of Congress's 2011 codification of the unanimity requirement or the statutory analysis later addressed in *Taylor*. Both decisions are also unpublished and therefore nonbinding. *See United States v. Almedina*, 686 F.3d 1312, 1316 n.1

(11th Cir. 2012) (noting that unpublished Eleventh Circuit opinions "are not considered binding precedent but they may be cited as persuasive authority") (citing 11th Cir. R. 36-2). Under the circumstances, I find the post-2011 statutory analysis in *Taylor*, as adopted in *MasTec*, more persuasive on the question presented here.

Defendants' reliance on *Bryant v. Lagos*, 2025 WL 3187475 (S.D. Fla. Nov. 14, 2025) (Artau, J.), *see* DE 30 at 4-5, is unpersuasive. In *Bryant*, the removing defendant believed he was the only defendant who had been served because the state-court record did not reflect a return of service as to the other defendants. *Bryant*, 2025 WL 3187475, at *1. Thus, as here, the state-court docket did not provide the removing defendant with notice that another defendant had been served. After removal, however, the allegedly nonconsenting defendant joined in opposition to the plaintiff's motion to remand and later filed an express consent to removal. *Id.* at *1, *3. The court held that, "to the extent there was a defect in the notice of removal relating to [the nonconsenting defendant's] consent, it has been cured." *Id.* at *3.

The factual circumstances in *Bryant*, and in this case, present a legitimate fairness concern. A removing defendant who has no notice from the state-court record that another defendant has been served may reasonably believe that no consent from that defendant is required. But *Bryant* did not hold that the absence of a return of service from the state-court docket eliminates the removing defendant's obligation to obtain the consent of a defendant who has in fact been served. Rather, the court assumed that a defect existed and concluded that the defect had been cured. *Id.* More importantly, *Bryant* did not consider whether the 2011 amendments to § 1446 foreclose a judicially created exception permitting a properly served defendant to provide consent after the expiration of the statutory period. The analysis in *Bryant* instead relied on *Stone*, *Kachkar*, and other pre- or non-amendment authority recognizing the curability of procedural defects. *Id.* at *3.

That distinction is material here. The question is not whether the circumstances surrounding the failure to obtain Pelletier's timely consent were understandable or whether his subsequent consent demonstrated that all Defendants ultimately agreed to removal. The question is whether, after the 2011 amendments to § 1446, a defendant who was properly served but whose consent was not obtained within the statutory period may cure that defect through post-removal consent. As discussed above, *Taylor* and *MasTec* answer that question by reference to the statutory framework Congress enacted in 2011, rather than through the equitable or curative principles applied in *Bryant*. To the extent *Bryant* is inconsistent with that statutory analysis, I find the reasoning in *Taylor* and *MasTec* more persuasive.

Defendants contend that any defect was cured because Pelletier filed his consent before Plaintiff moved to remand and because all Defendants now jointly oppose remand. DE 30 at 5-6. That argument essentially asks the Court to apply the same post-removal cure recognized in *Stone*, *Kachkar*, and *Bryant*. But those authorities do not account for the statutory framework enacted in 2011, and they do not authorize the Court to create an exception that Congress did not include in § 1446. The fact that Defendants ultimately expressed unanimous consent to removal does not alter the statutory analysis. Pelletier's July 1, 2026 consent came after the expiration of the applicable thirty-day period and did not cure the failure to satisfy § 1446(b)(2)(A).

The relevant dates are undisputed. Pelletier was served on May 25, 2026, his thirty-day period expired on June 24, 2026, and he did not consent to removal until July 1, 2026. His consent therefore came after the applicable statutory period. Plaintiff timely raised that procedural defect under § 1447(c), and the Court must apply the statute as written. Accordingly, notwithstanding the understandable practical concern that the state-court docket did not reflect Pelletier's service, that circumstance does not permit the Court to disregard the statutory requirement for timely

consent. Because the defect was timely raised and was not cured within the period prescribed by § 1446, remand is warranted.

## III. NO RECOGNIZED EXCEPTION TO THE UNANIMITY RULE APPLIES

As stated above, the absence of Pelletier's timely consent renders removal improper. Nonetheless, in the interest of completeness, I consider whether any recognized exception to the unanimity requirement excuses Pelletier's failure to consent before removal. The recognized exceptions include circumstances where: (1) the nonconsenting defendant had not been served with process at the time of removal; (2) the nonconsenting defendant is a nominal or formal party; or (3) the action was removed pursuant to § 1441(c). *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003); *MasTec*, 2026 WL 1493094, at *7. None applies here.

First, Pelletier was served with process before removal. His May 25, 2026 service preceded the June 12, 2026 removal by eighteen days. He therefore was a properly joined and served defendant whose consent was required under § 1446(b)(2)(A).

Second, Pelletier is not a nominal or formal defendant. A nominal defendant generally has no real or substantial interest in the subject matter of the litigation and is not subject to meaningful relief. *MasTec*, 2026 WL 1493094, at *8. Here, the Complaint expressly seeks a declaration concerning whether Pelletier or the Karen Beth Twiss Trust is the proper beneficiary of the annuity contract at issue. Pelletier therefore has a direct and substantial interest in the outcome of the litigation, and the relief sought necessarily implicates his claimed beneficiary status. Nothing in the record suggests that Pelletier was joined merely as a formal party or that he lacks a substantive stake in the declaratory relief sought.

Third, § 1441(c) does not apply. The Removing Defendants removed this action based on diversity jurisdiction under § 1441(b), not under § 1441(c), which addresses removal of an action

involving a federal claim joined with state law claims. The exception recognized for removals under § 1441(c) therefore has no application here.

Accordingly, no recognized exception excuses Pelletier's failure to join in or consent to the June 12, 2026 removal. The removal was procedurally defective, and remand is required.

## IV. AN AWARD OF ATTORNEYS' FEES AND COSTS IS NOT WARRANTED

Plaintiff seeks attorneys' fees and costs incurred as a result of the removal under § 1447(c). This request should be denied.

Section 1447(c) provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (affirming denial of attorney's fees under § 1447(c) where removing party had an objectively reasonable basis to remove the case on diversity grounds given precedent suggesting that punitive damages and attorney's fees could be aggregated to meet the amount-in-controversy requirement). The standard recognizes the need "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 141.

Although I conclude that the removal was procedurally defective, the Removing Defendants had an objectively reasonable basis for their position. In particular, they relied on unpublished Eleventh Circuit authority recognizing that certain technical defects in unanimity may be cured after removal. Those decisions provided support for Defendants' position that Pelletier's subsequent express consent could cure the initial failure to obtain his consent.

The Notice of Removal's acknowledgment that Pelletier had not consented does not compel a different conclusion. That acknowledgment establishes that Defendants were aware that Pelletier had not affirmatively consented, but awareness of the omission does not itself establish that their legal position concerning the consequence of that omission was objectively unreasonable. Defendants maintained a position supported by existing, albeit unpublished, authority recognizing that a unanimity defect could be cured by subsequent consent. Their efforts to contact Pelletier before removal likewise support the reasonableness of their position, even though those efforts did not satisfy the statutory requirement.

Accordingly, while Plaintiff is entitled to remand based on the failure to satisfy § 1446(b)(2)(A), an award of attorneys' fees and costs under § 1447(c) is not warranted.

## RECOMMENDATION

Pelletier was properly served before removal and was therefore required to join in or consent to removal under § 1446(b)(2)(A). His failure to do so was not cured by his post-removal consent and no recognized exception applies. Even so, the Removing Defendants' objectively reasonable basis for removal renders an award of fees and costs unwarranted. I thus respectfully **RECOMMEND** that Plaintiff's Motion to Remand, DE 14, be **GRANTED IN PART AND DENIED IN PART** as follows:

1. This action should be **REMANDED** to the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida.
2. Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c) should be denied.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge David S. Leibowitz. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 30th day of September, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE